MISSOURI DIVISION OF EMPLOYMENT SECURITY, Respondent,

v.

LABOR & INDUSTRIAL RELATIONS COMMISSION OF MISSOURI & Don Wansing, Appellants.

No. 50120.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 22, 1985.

Catherine J. Barrie, Labor & Indus. Relations Com'n of Mo., Jefferson City, for appellants.

Larry R. Ruhmann, Rick V. Morris, Jefferson City, for respondent.

DONALD L. MANFORD, Special Judge.

This is a direct appeal from a judgment of the circuit court which reversed a previous decision of the Missouri Labor and Industrial Relations Commission. The judgment is affirmed.

Appellant, the Missouri Labor and Industrial Relations Commission (hereinafter the Commission) presents a sole point, which in summary charges that the circuit court erred in reversing the decision of the Commission that the employee-claimant was available for work during the period of October 3, 1982, through October 9, 1982, even though the employee-claimant did not contact any employers for work during that week because employee-claimant had been assured of reinstatement by his regular employer after a one-week layoff, making a search for work in the interim superfluous.

The applicable facts are not in dispute and thus a brief summary of them suffices.

The employee-claimant filed an initial claim for benefits on October 18, 1981. From this, it has been assumed that the employee-claimant was credited with a "waiting week" for the benefit year during this initial period. Thereafter, he was notified of a factory layoff to begin on October 3, 1982. On the same day that employee-claimant was notified of the layoff, he received a return to work order commencing on October 11, 1982. The layoff was called by the employer so that annual maintenance could be performed on the factory equipment. Employee-claimant was laid off during that week and did, in fact, return to work on October 11, thereby missing five working days.

Employee-claimant filed a claim with the Division of Employment Security (hereinafter the Division) for that week for which he was determined ineligible by the Division Deputy because employee-claimant "made no effort to find work by contacting employers, which is not an earnest and active search for work." Employee-claimant was notified of the Deputy's determination and subsequently filed a notice of appeal to the Appeals Board.

Following a hearing, at which employee-claimant was present, the Appeals Referee reversed the decision of the Deputy and held that employee-claimant was not ineligible for benefits for the period of October 3, 1982, through October 9, 1982.

The Division thereafter filed an application for review with the Commission. The Commission denied the Division's application and in so doing, adopted the findings of the Appeals Board, to wit:

Although an active and earnest search for work is typically measured by the number of the claimant's specific applications for work at prospective employers, it does not follow that an individual on a very short-term layoff caused by lack of work is not meeting the test of an active and earnest search for work when it is a fact that he intends to return to his job with his regular employer promptly upon notice of recall from that employer. It is the employer's expectation that the claimant will return to work immediately when called, and the claimant's willingness to do so that constitutes compliance with the statutory requirement that he actively and earnestly seek work. That was the position of the claimants for the week beginning October 3, 1982 and ending October 9, 1982. Accordingly, it is found that the claimants were available for work for the period October 3, 1982 through October 9, 1982.

Commissioner Allen issued a concurring opinion in which he cited *Western Electric*

*Co. v. Industrial Comm'n of Missouri,* 489 S.W.2d 475 (Mo.App.1972), as controlling in this case.

The Division then appealed to the Circuit Court of Osage County. By agreement, the parties waived oral arguments and the matter was submitted on briefs. On May 22, 1985, the circuit court entered its decision reversing the Commission's decision. The Commission now appeals.

The scope of judicial review of Commission decisions is governed by Section 288.-210 RSMo.1978, which states in part:

> In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.

As to the facts there is no dispute. The issue is purely one of law, and this court should not disturb the findings of the Commission unless it was clearly contrary to the greater weight of the evidence. *Producers Produce Co. v. Industrial Comm'n. of Missouri,* 365 Mo. 996, 291 S.W.2d 166, 173 (1956), and *Rapp v. Industrial Comm'n. of Missouri,* 360 S.W.2d 366 (Mo.App.1962).

The issue in this matter is the interpretation of § 288.040 RSMo.1978, which governs the eligibility of claimants for unemployment benefits. Specifically, § 288.040 states in part:

> 1. A claimant who is unemployed and has been determined to be an insured worker shall be eligible for benefits for any week only if the deputy finds that ... (2) He is able to work and is available for work; provided, however, that no person shall be deemed available for work unless he has been and is actively and earnestly seeking work; ...

It is the Commission's position in urging reversal that § 288.040.1(2) should be interpreted as not applying to claimants who are unemployed for a determinate period of such short duration because to require those claimants to seek interim employment is unreasonable and such was not intended by the legislature.

The Commission relies on *Western Electric Co. v. Industrial Comm'n. of Missouri, supra* as controlling in this matter. At first blush *Western Electric* appears to be on point. Claimants in that case were temporarily laid off by their employer for a two-week period during which time factory maintenance would be performed. In holding that the claimants were eligible for benefits the court stated:

> In this regard [availability for work], it is admitted that the claimants were physically and mentally able to work, but were unemployed by reason of [factory shutdown]; there is no proof that suitable work was available or offered to any of them during the period, and each intended to return to his job for the appellant [employer] and, in fact, did return. *Id;* at 481.

The Commission in this case misinterprets the *Western Electric* opinion to hold that claimants on short-term layoffs of definite duration who intend to resume working for their employer are not required to contact employers or make any attempts to seek interim employment. This Court does not come to that conclusion.

Nowhere in the *Western Electric* opinion is there mention of those claimants' attempts (or lack of) to obtain interim employment. The issue in that case was not whether claimants made an active and earnest search for work, but whether claimants, who were only to be unemployed for two weeks, were in the labor market for a sufficient length of time to be considered "able to work and available to work". This Court may not assume that the claimants in the *Western Electric* case made no effort to seek interim employment. On the contrary, we must assume that they did for that point was not raised by the Commission as an issue in that case.[1]

---

1. Further research may indicate that the claimants in *Western Electric* did in fact search for work, as the Commission suggests. However, the Commission has failed to make the adminis-

The Commission asks this Court to read into § 288.040 an exception for claimants experiencing short-term unemployment. However, this Court is not at liberty to give a different effect to a statute when its meaning is clear and unambiguous. *Beal v. Industrial Comm'n. of Missouri*, 535 S.W.2d 450, 453 (Mo.App.1975).

The Commission argues that "several cases have shown that a claimant's efforts will be viewed according to the length of the unemployment." However, the operative word here is *efforts* and at no time has a Missouri Court held that a claimant is eligible where he has made *no effort whatsoever* to obtain interim employment.

The Missouri legislature has clearly mandated that a claimant must have made an active and earnest search for work to be considered "available" for work. By his own actions and admissions, the employee-claimant herein did not even consider himself available for work because he knew he was returning to work in one week. The employee-claimant obviously preferred to take the time off rather than work during his brief layoff, and financing such time off is not the purpose of the Employment Security Act.

The decision of the Commission was not based upon competent and substantial evidence to warrant an award of benefits to the employee-claimant within the meaning and intent of § 288.040. The circuit court did not err in reversing the decision of the Commission.

The judgment of the circuit court is in all respects affirmed.

DOWD, P.J., and REINHARD, J., concur.

trative transcript from *Western Electric* a part of the record in the present case. Therefore, the

assumption cannot be confirmed.