**Charles Frederick BEEMAN, Respondent,**

v.

**Mildred Jean BEEMAN, Appellant.**

**No. WD 43917.**

Missouri Court of Appeals,

Western District.

Sept. 24, 1991.

Steven D. Wolcott, Gladstone, for appellant.

Don Witt, Witt & Hicklin, P.C., Platte City, for respondent.

Before FENNER, P.J., LOWENSTEIN, C.J., and ULRICH, J.

ULRICH, Judge.

Mildred Jean Beeman appeals from the decree of dissolution which ended the twenty-nine year marriage between the parties. Ms. Beeman contends that the trial court erred by limiting her award of maintenance to a period of five years, and by awarding child support in a sum less than the amount dictated by Rule 88.01 and Civil Procedure

Form No. 14 without first finding that the amount of child support so required is unjust or inappropriate.

The judgment of the trial court is affirmed in part as modified and remanded in part.

The parties were married on December 27, 1960. Charles Frederick Beeman filed a petition for dissolution of marriage on November 30, 1989. Ms. Beeman filed her answer and cross-petition for dissolution of marriage one week later; trial ensued. The trial court entered its decree of dissolution on August 27, 1990.

At the time of trial, Ms. Beeman was working as a head cashier at a "Food 4 Less" supermarket in Kansas City, Missouri. Ms. Beeman had been employed as a cashier at "Food 4 Less" for four years. She had worked as a cashier at a different retail grocery business for the preceding eight years. Her salary at the time of trial was $7.50 per hour or $300.00 for a forty-hour week.

During the weeks prior to trial, Ms. Beeman had earned considerable amounts of overtime pay. She worked as many as forty-two overtime hours a week at a pay rate of time and a half. However, Ms. Beeman worked the extra hours because "Food 4 Less" was in the process of opening a new store. Her supervisor testified that, once the store was fully established, Ms. Beeman's work schedule would probably return to a normal forty-hour week with five to eight hours of overtime work every other Sunday.

Ms. Beeman testified at trial that her average expenses totalled $1,910.00 per month. Two of the parties' four children were unemancipated and living with Ms. Beeman. Her twenty-one year old son, who was working while attending college, had agreed to pay his mother $120.00 a month in rent while living at home. However, Ms. Beeman's son was not always able to make payments.

Mr. Beeman worked for the Federal Aviation Administration at the time of the trial. His gross monthly income was $3,773.46. In the income and expense statement, submitted to the trial court, Mr. Beeman listed his net monthly income as $2,675.24. Mr. Beeman's income and expense statement listed his monthly expenses as $3,306.42. These expenses included $500.00 per month in voluntary child support which respondent was paying at the time of trial. Mr. Beeman's expenses also included $836.00 in monthly credit card payments, which were mostly incurred through ongoing efforts to remodel the house where the couple lived, and where Ms. Beeman continues to reside. On direct examination, Mr. Beeman stated that he could afford to pay $500.00 per month in support, and that he could probably pay more, perhaps as much as $650.00 per month.

Following trial, the trial court awarded Ms. Beeman custody of the parties' two unemancipated children and ordered respondent to pay $250.00 per child per month in child support until the children became emancipated, reached majority, or until further order of the court. The two unemancipated children were twenty-one, and attending college, and eighteen years old at the time of the decree. The trial court also ordered Mr. Beeman to pay Ms. Beeman rehabilitative maintenance in the amount of $200.00 per month for a period of five years.

As her first point on appeal, Ms. Beeman claims that the trial court erred by limiting her maintenance award to a period of five years. Ms. Beeman contends that there was no substantial evidence of any impending change in the financial circumstances of the parties, and, therefore, any prospective limitation on the duration of the award was improper.

Section 452.335, RSMo Supp.1989, grants authority to the trial court to award maintenance to one of the parties to a dissolution proceeding. The statute sets forth some of the relevant factors to be considered by the trial court. Section 452.-335.3, RSMo Supp.1988, provides that the trial court "may order maintenance which includes a termination date." However, restrictions on a trial court's discretion to award limited maintenance are well estab-

lished in Missouri law. After a court determines that maintenance is appropriate, the decision " 'to limit maintenance is justified only where substantial evidence exists of an impending change in the financial condition of the parties.' " *May v. May*, 801 S.W.2d 728, 731 (Mo.App.1990) (quoting *Burbes v. Burbes*, 739 S.W.2d 582, 584 (Mo.App.1987)). "Once awarded, maintenance should not be prospectively decreased or terminated unless evidence indicates that the circumstances of the parties will be markedly different in the future." *Burbes*, 739 S.W.2d at 584. "Where the evidence indicates that the dependent spouse's financial prospects will not improve materially in the future and that the means of the spouse providing maintenance are not likely to decrease substantially, the trial court abuses its discretion when it speculates that the original maintenance award will no longer be required in the future." *Id.*; *Blount v. Blount*, 674 S.W.2d 612, 614 (Mo.App.1984). The requirement for such evidence to justify an award of maintenance limited to a period of time has resulted in a judicial preference for awards of unlimited maintenance. *Hutchins v. Hutchins*, 687 S.W.2d 703, 706 (Mo.App.1985).

The trial court abused its discretion when it limited appellant's maintenance award to a period of five years. The record contains no evidence that the financial circumstances of the parties would be markedly different in five years. Ms. Beeman had worked as a cashier in the grocery business for twelve years, and she had achieved the status of head cashier. She is not likely to advance significantly further because of the nature of her employment. Evidence was presented that Ms. Beeman's income would decrease, not increase, following the decree of dissolution. Her supervisor testified that the number of overtime hours which Ms. Beeman could work would probably decrease to five to eight hours every other week after the new store became established. There was no evidence that Mr. Beeman's own financial condition would significantly change in the future.

Accordingly, the maintenance award is reversed and the maintenance award that should have been entered is ordered. *Burbes*, 739 S.W.2d at 585. Ms. Beeman is awarded maintenance in the sum of $200.00 per month, and the award of maintenance shall remain in effect unless and until a proceeding for modification is brought and a change is deemed appropriate under § 452.370.1, RSMo Supp.1990.

■ As her second point on appeal, Ms. Beeman claims that the trial court erred by awarding an amount of child support that is less than the amount calculated under Rule 88.01, utilizing Civil Procedure Form No. 14, without first making a finding that the amount required under Rule 88.01 is unjust or inappropriate. Rule 88.01(e) states as follows:

There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

■ The meaning of the Rule is clear. A departure from the amount calculated in Form No. 14 requires a specific finding that, after consideration of all relevant factors, such an amount would be unjust or inappropriate. An award of child support which differs from the amount calculated in Form No. 14 is ineffective without this mandatory finding. *Campbell v. Campbell*, 811 S.W.2d 504 (Mo.App.1991).

The cause is remanded with directions to the trial court to either enter a finding that the amount calculated in Form No. 14 is unjust or inappropriate, or to enter an amount of child support that is dictated by appropriate calculation utilizing Civil Procedure Form No. 14. *Id.*

The maintenance award in favor of Ms. Beeman is affirmed as modified, and the circuit court is directed to enter judgment awarding maintenance in conformance with this opinion. The remainder of the case is remanded to the trial court with directions to either enter judgment in favor of Ms. Beeman for child support in the amount calculated by Civil Procedure Form No. 14, or to enter a finding that the amount so calculated is unjust and inappropriate and to enter judgment for child support in an appropriate sum. If necessary, the circuit court will conduct further proceedings to obtain additional evidence.

All concur.