Karen Lee SUMMERVILLE, Respondent,

v.

James Clifford SUMMERVILLE,
Appellant.

Karen Lee SUMMERVILLE, Appellant,

v.

James Clifford SUMMERVILLE,
Respondent.

Nos. WD 47041, 47177.

Missouri Court of Appeals,
Western District.

Nov. 9, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 28, 1993.

Application to Transfer Denied
Feb. 22, 1994.

David P. MaCoubrie, Chillicothe, for appellant.

Richard E. McFadin, Kansas City, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

SMART, Judge.

This appeal and cross-appeal arise from a dissolution decree. James Clifford Summerville ("Husband") appeals from the trial court's order requiring him to pay maintenance, child support and a cash payment for half of his interest in an insurance company. Karen Lee Summerville ("Wife") appeals from the trial court's order restricting the duration of the maintenance award to thirty-six months, finding certain real estate parcels acquired after the marriage to be non-marital property and denying her request for an award of attorney's fees.

Judgment is affirmed in part and reversed and remanded in part.

Husband and Wife were married on June 17, 1967 and separated on January 1, 1992. Three children were born during the marriage. Two are unemancipated. Husband owns and operates an insurance agency. Wife works part-time at a newspaper.

■ The trial court ordered Husband to pay $600.00 per month in maintenance to Wife, which was limited to thirty-six months, and $800.00 child support per month for the two unemancipated children. The trial court found that the insurance company had a net value of $116,721.00 and ordered Husband to pay Wife $58,360.50 as one half interest in the insurance company. Further, the trial court divided marital and non-marital property, finding two real estate parcels acquired during the marriage to be non-marital property. No attorney's fees were awarded to either party and court costs were divided between the parties. Husband and Wife both appeal from the trial court's order. Appellate review of this action is governed by the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and the trial court's judgment should be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously applies or declares the law.

### Valuation of Insurance Agency

During the Summerville marriage, in 1972, Husband joined his father working in the Summerville Insurance Agency, which was started in 1910 by Husband's grandfather. In 1985, Husband and Denny Lightner consolidated their respective insurance agencies. In 1990, Husband purchased Mr. Lightner's interest in the agency.

Husband argues that the trial court erred and abused its discretion in the valuation of the insurance agency. Husband claims that the trial court's order was not supported by substantial evidence. Husband complains that the trial court's valuation fails to take into account the debts or liabilities of the business and that the value of the business could not be ascertained without consideration of the liabilities and remaining profit upon sale of the business.

No expert testimony was presented concerning the value of the insurance agency at trial. On direct examination, Husband failed to specify a value. On cross-examination, Husband testified that the insurance agency had "minimal value," if any value at all. The trial court was not required to accept Husband's comments on valuation. *In re Marriage of Lewis,* 808 S.W.2d 919, 925 (Mo.App.1991). The trial court has the option of believing all, part or none of any witness' testimony. *In re Marriage of Felkner,* 847 S.W.2d 144, 147 (Mo.App.1993). Husband purchased his partner's interest in the business in 1990 for about $97,500.00. At the time of trial, Husband still owed his former partner, Mr. Lightner, $51,900.00 for the purchase. At the time of that transaction, the business was worth approximately $182,000.00. Husband and Wife had loaned the corporation $20,000.00, which had an outstanding balance of $12,400.00 at the time of trial. Ultimately, the trial court valued the company at $116,721.00.

The trial court's determination of value was within the range of evidence. When the trial court's valuation of an asset is "within the range of evidence, an appellate court generally will not find the determination erroneous or weigh the evidence." *Theilen v. Theilen,* 847 S.W.2d 116, 119 (Mo. App.1992). The trial court did not err in valuing the company at $116,721.00 and in ordering Husband to pay to Wife $58,360.50 for half of his interest in the insurance company. Point is denied.

### Maintenance Award

Next, Husband contends that the trial court erred and abused its discretion in awarding maintenance to Wife in the amount of $600.00 per month because the award was not supported by substantial evidence. Husband urges that the maintenance award was unwarranted and wholly beyond the means of Husband to pay. Further, Husband urges that Wife has the ability to properly care for herself.

Section 452.335, RSMo Supp.1991 gives the trial court "great latitude" in awarding spousal maintenance. *Theilen,* 847 S.W.2d at 123. Husband complains that Wife failed to satisfy the two-pronged test set forth in § 452.335. This section allows the trial court to award maintenance if it finds that the spouse seeking maintenance: "(1) Lacks sufficient property, including marital property appropriated to him [or her], to provide for his [or her] reasonable needs; and (2) Is unable to support himself [or herself] through appropriate employment...." In calculating a maintenance award, the trial court utilizes a balancing test which compares the reasonable needs of the party seeking support with the ability of the other spouse to pay. *Theilen,* 847 S.W.2d at 123. An appellate court should not disturb a maintenance award unless the decree is "patently unwarranted or is wholly beyond the means of the spouse who pays maintenance." *Sinclair v. Sinclair,* 837 S.W.2d 355, 360 (Mo.App.1992).

The trial court must hear all the pertinent evidence of the parties and make a determination of whether maintenance should be ordered. The trial court is in the best position to assess the credibility of the witnesses, and it is free to believe all, part or none of any witness' testimony. *Felkner,* 847 S.W.2d at 147. Wife requested that Husband be ordered to pay her maintenance in the amount of $1,235.52 per month. There is no evidence in the record showing that Husband challenged any of the expenses or calculations Wife used in arriving at this figure. Wife had completed two years of college courses. She worked part-time at the Chillicothe Constitution Tribune. Wife testified that she had worked some in the insurance agency with her husband but did not have the qualifications or experience to get a job in the insurance industry at this time. She also had worked as a substitute teacher, but is currently unable to substitute teach because she no longer possesses the required certificate. She had briefly tried to start a typing service, but had to cease the service when her printer broke and she did not have the funds to repair it. She testified that she was currently seeking full-time employment, but had been unsuccessful up to this point in attaining such employment. Husband also acknowledged wife had been unsuccessful in securing more favorable employment.

■ The trial court did not err in awarding Wife maintenance in the amount of $600.00 a month. The award is not "patently unwarranted" or wholly beyond the means of Husband to pay. Husband has not only his insurance agency, but other property and assets as well. Therefore, this part of Point II is denied.

### Child Support Award

In the same point in which Husband challenges the maintenance award, he also contends that the trial court erred and abused its discretion in deviating from the child support guidelines and ordering Husband to pay $800.00 per month in child support for the two unemancipated children because the award was not supported by substantial evidence.

■ Adjudication of child support awards is governed by Rule 88.01. Rule 88.01 creates a rebuttable presumption that the child support amount calculated pursuant to Form 14 is the amount of support to be awarded in a dissolution of marriage action. The rule further provides that the presumption can be rebutted if the court makes a written or specific finding on the record that the amount of child support calculated in accordance with Form 14 is "unjust or inappropriate." The guidelines set forth in Rule 88.01 must be applied in all child support cases. *Sinclair*, 837 S.W.2d at 358.

■ In this case, both Husband and Wife submitted Form 14 worksheets. The trial court entered a finding that the Form 14 guideline amount was unjust or inappropriate and awarded the sum of $800.00 per month ($400.00 per month per child), for the two unemancipated children. The trial court did not include its own Form 14 in its order or indicate what amount was found to be unjust or inappropriate. Thus, the trial court failed to show that the amount which would have been determined in accordance with Form 14 had been specifically considered. *See Sinclair*, 837 S.W.2d at 358. Nor did he identify either spouse's Form 14 amount as the basis

for his finding. Furthermore, the trial court failed to enunciate any factors relied upon in making the finding that the guideline amount was unjust or inappropriate. At trial, Wife did not testify as to the needs of the children. In her interrogatory answers, she requested that child support be awarded in accordance with the Rule 88.01 guideline amount. She relied upon her income and expense statement which showed costs at $553.00 attributable to the children.

This court is unable to determine how the trial court calculated the child support. The record does not explain the award of $800.00 per month. The record does not reveal any special needs of the children or other evident considerations warranting a departure from the guidelines.[1] This portion of the trial court's order is vacated, and the case is remanded with directions to the trial court to either 1) enter an amount in accordance with the Form 14 guideline amount or 2) to identify the Form 14 child support calculation which he found to be unjust or inappropriate and identify the factors supporting a deviation from the guideline amount, and reinstate the award of $800.00 if appropriate.

### Duration of Maintenance

On her cross-appeal, Wife claims that the trial court erred in limiting the maintenance award to thirty-six months. She argues that the evidence revealed that there was no reasonable probability that Wife would be in a position to be self-supporting at the end of the time designated by the trial court. Wife contends that the evidence failed to establish she could find better employment, and that her financial position would be improved at the end of the thirty-six month period.

■ A judicial preference exists favoring maintenance awards of unlimited duration. *Smith v. Smith*, 840 S.W.2d 276, 277 (Mo.App.1992). Generally, it has been held that maintenance should not be prospectively terminated or restricted unless there is evidence of an impending change in the recipi-

1. It may be that the trial court found the Form 14 amount inappropriate because of evidence that Husband voluntarily manipulated the revenues and profits of the agency after the dissolution action was filed, in order to affect the ultimate award. There was evidence presented by wife to this effect. If this is the basis of the trial court's award, the trial court should so specify.

ent spouse's financial condition, or a reasonable expectation that such a change will occur in the future. *Id.* Clearly a maintenance award should not be based on speculation as to future conditions of the parties. *Id.* To justify a limited duration of maintenance, the evidence must show that the parties' circumstances will be "markedly different in the future." *Id.* In addressing this same issue, the court in *Whitworth v. Whitworth*, 806 S.W.2d 145, 148 (Mo.App.1991), stated: "Neither an appellate court [n]or a trial court may speculate on what the future might justify; rather such a determination should be made in a proceeding for modification of the award upon a showing of changed circumstances."

■ Wife completed two years of college. Wife had at different times done some substitute teaching, worked for a while in her husband's insurance business, and had briefly tried some freelance typing. At the time of trial she worked part-time at the Chillicothe Constitution Tribune. She had been seeking full-time employment for some time but had been unsuccessful. The trial court did not enunciate the factors on which it based the limited maintenance nor do we find any competent, concrete evidence in the record to support such a limitation. No impending change in Wife's future financial situation has been shown. Although Wife's prospects may significantly improve, there is no evidence from which to infer the pace or the degree of any improvement. Moreover, after a twenty-five year marriage in which her employment has been largely incidental, Wife's employment prospects are substantially disadvantaged. Thus, we hold the trial court abused its discretion in limiting the maintenance award. If Wife's circumstances or opportunities do change substantially in the future, Husband may at that time move to modify the maintenance obligation. Therefore, this portion of the trial court's order is vacated and the case is remanded to the trial court for the court to enter an award of $600.00 per month maintenance of unlimited duration. Accordingly, Wife's first point is granted.

## Attorney's Fees

Wife also suggests that the trial court erred and abused its discretion in failing to award attorney's fees to Wife for post-trial motions and for the appeal. She contends that she is without resources to pay the fees and that Husband has significant assets as well as control of all of the income-producing property and is in a position to pay the fees. Wife further urges that Husband should pay her fees because it was his intent to prosecute the appeal for the sole purpose of causing Wife to be in a state of financial ruin.

■ Section 452.355, RSMo Supp.1992 authorizes the trial court in its discretion to require one party to pay a reasonable amount of the other party's attorney's fees. Some of the factors to be considered in making this determination are the financial resources of both parties and the extent to which the conduct of one spouse required the other spouse to expend funds on attorney's fees. *Campbell v. Campbell*, 825 S.W.2d 319, 323 (Mo.App.1992). Generally, a trial judge is considered an expert on the reasonableness of attorney's fees and his or her decision on whether to award fees will not be disturbed unless an abuse of discretion is found. *Flach v. Flach*, 645 S.W.2d 718, 722 (Mo.App. 1982). Each party is usually responsible for paying his or her own litigation costs in a dissolution of marriage action unless "very unusual circumstances" are demonstrated. *Campbell*, 825 S.W.2d at 323. The trial court sits in a superior position to assess the credibility of witnesses and the sincerity of their positions, which often is not fully revealed by the record. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 655 (Mo. banc 1989).

On October 19, 1992, Wife filed a motion with the trial court for attorney's fees for post-trial matters and for appeal. The trial judge denied Wife's motion. Wife asserts the trial court abused its discretion. First, Wife claims that the trial court awarded the majority of income-producing property to Husband and left her with insufficient assets from which to pay attorney's fees. Wife suggests the most compelling reason that she should be awarded attorney's fees is because Husband was threatening to cause Wife to be in a state of financial ruin if she did not agree

to the division of property that he felt was reasonable. She testified that Husband threatened to keep this case in court for years and "run up the attorney's fees" to the point where wife would lose her home and be forced into bankruptcy.

■ The trial court determines the credibility of witnesses and may believe all, part, or none of any witness' testimony. After considering the evidence, the trial court determined that the attorney's fees should be paid by the respective parties. The trial court was entitled to consider the fact that both parties appealed the decree. Also, Wife is not wholly without resources to pay her attorney's fees herself. She received certain bank accounts and shares of stock in the decree, in addition to an award of one-half the value of the insurance agency. The record revealed that both parties engaged in conduct destructive to the marriage. Although wife claims husband was primarily responsible for promoting the infidelity in which they both engaged, the trial judge was in the best position to assess the relative misconduct of the parties, and it cannot be said the court was required to find Husband solely responsible. The trial court was also in the best position to evaluate Husband's threat to cause financial ruin to Wife if she did not settle matters on his terms. After considering the entire record, we conclude Wife has failed to show any "unusual circumstances" necessitating a reversal of the trial court on this issue. Accordingly, we conclude that the trial court did not abuse its discretion in denying Wife's petition for attorney's fees. Wife's Point II is denied.

### Property Distribution–Commercial Real Estate

Next, Wife contends that the trial court erred in finding that the commercial real estate was non-marital property. Wife suggests that the evidence shows that the parties purchased the real estate after their marriage and made payments on the property with marital funds until the property was paid for. Thus, Wife claims that the trial court should have found the real estate to be marital property and should have equitably divided it accordingly.

The piece of real estate in question was the original location of the insurance business in Chillicothe, Missouri. The testimony of Wife was that the property was purchased by the parties at the time the insurance business was purchased and that they made the payments on the property with marital funds. Wife further stated that she was told by Husband that her name was on the title to the real estate. In contrast to Wife's testimony, Husband stated that the property was given exclusively to him by his father and grandmother. Wife's name does not appear on the deed to the property.

■ Wife relies upon § 452.330.3, RSMo Supp.1992, which creates a presumption that all property acquired during a marriage and prior to a decree of legal separation or dissolution is marital property. Section 452.330.2 lists several exceptions to this presumption, including property acquired by gift. Husband claims that the property in question was acquired by him through gifts from his family, thereby falling into the exception listed in § 452.330.2(1). Wife correctly states that separate property can be transmuted into marital property by agreement or gift. *Rapp v. Rapp,* 789 S.W.2d 148, 150–51 (Mo.App.1990). The party attacking the presumption of marital property has the burden of rebutting the presumption by clear and convincing evidence. *Id.* Husband testified that the property had been given to him by his family. Husband also testified as further evidence of his intent to keep the property separate that all rental income from the property was maintained in a separate account held solely in his name.[2] The trial court was free to believe either party's testimony and the court believed Husband's testimony on the acquisition and maintenance of this property. Thus, the trial court did not err in designating the property as non-marital. Point III is denied.

2. Transmutation of non-marital property into marital property can be shown by the commingling of funds generated from the property in marital bank accounts. *Kramer v. Kramer,* 709 S.W.2d 157, 159 (Mo.App.1986).

*Property Distribution—Farm Real Estate*

Lastly, Wife contends that the trial court erred in finding that the farm real estate was non-marital property. Wife claims that the credible testimony proved that major improvements were made on the real estate and that the improvements were paid for with marital property at the minimum cost of $10,000.00. Thus, Wife argues, the trial court should have found that the increase in value was at least $10,000.00 and made an equitable division of that amount to her.

The real estate parcel in question consists of farm property where the parties' marital home was located. The couple lived on this parcel of land for eighteen years. Husband testified that the property was a gift exclusively to him from his family. Wife believed that the property was a gift to both her and Husband. Wife acknowledged that her name does not appear on ownership documents, but she again claims she was told by Husband that she was to share in the property. Extensive improvements were made to the property. Wife testified that the improvements were paid for with income of the parties, plus some funds that were paid from a joint bank account. Husband testified, however, that the money used for the improvements was a gift to him from his grandmother and that the money did not go into a joint account.

Husband bore the burden of rebutting the presumption that the farm property was marital property. Husband testified that the property was a gift to him and that no marital funds were used in making the improvements to the property. The trial court believed Husband's testimony, as it was free to do, and classified the property as non-marital. Thus, the trial court did not err in so finding. Point IV is denied.

### Conclusion

Judgment is affirmed in part, and reversed and remanded in part. The trial court's order for child support in the amount of $800.00 per month is reversed. The case is remanded with instructions to the trial court to either 1) enter an amount in accordance with the Form 14 guideline amount, or 2) to identify the Form 14 child support calculation which he found to be unjust or inappropriate, and identify the factors warranting deviation from the guideline amount, and to reenter an order of $800.00 per month ($400.00 per month per child) or other figure determined to be appropriate. That portion of the trial court's order limiting maintenance to thirty-six months is reversed. On remand, the trial court shall modify the award of maintenance to provide for maintenance at $600.00 per month for an indeterminate period. The balance of the judgment of the trial court is affirmed. Costs on appeal are assessed against James Clifford Summerville.

All concur.