Janey Lee DAVIDSON, Appellant,

v.

Terry Dan DAVIDSON, Respondent.

No. WD 48078.

Missouri Court of Appeals,
Western District.

March 22, 1994.

---

Karl L. Madden, Jr., Moberly, for appellant.

Jackie L. Bailey, Marceline, for respondent.

Before TURNAGE, C.J., and LOWENSTEIN and HANNA, JJ.

TURNAGE, Chief Judge.

Janey Davidson filed suit for the dissolution of her marriage to Terry Davidson. The court dissolved the marriage, divided the marital property, awarded custody of four unemancipated children to Janey and ordered Terry to pay $1200.00 per month child support. On this appeal Terry raises the single point that the amount of child support is excessive because it is not calculated pursuant to Rule 88.01 and Civil Procedure Form 14. Reversed and remanded.

Janey and Terry were married in July 1966. They had six children, four of whom were unemancipated at the time the dissolution decree was entered.

One Form 14 presented to the trial court shows a presumed child support amount of $1092.73, while another Form 14 shows an amount of $1006.82. The forms differed in the amount of Janey's income. The court ordered Terry to pay $1200.00 per month in child support but made no finding as to the correct figures to be used in calculating the presumed amount of child support on Form 14, nor did the court make any finding that the presumed amount was unjust or inappropriate.

Rule 88.01(e) states that it is sufficient to rebut the presumption that the amount of child support calculated under Civil Procedure Form 14 is correct if the court enters a written finding or a specific finding on the record that the calculation under Form 14, after consideration of all relevant factors, is unjust or inappropriate.

In *Anderson v. Anderson,* 861 S.W.2d 796, 801[9, 10] (Mo.App.1993), the court held that "[a] child support award which departs from the guidelines under Form 14 is ineffective unless there is also a finding that the amount so calculated would be unjust or inappropriate."

█ Such a finding is mandatory. *Michel v. Michel,* 834 S.W.2d 773, 779[7, 8] (Mo.App. 1992). *Michel* further held that if the court is presented with more than one Form 14 and the figures used in each differ, the trial court has the duty to determine the correct figures to be used in completing Form 14. *Id.* Using the figures the court determines to be correct, the court must calculate the amount of presumed child support on Form 14. *Tuning v. Tuning,* 841 S.W.2d 264, 267[4] (Mo.App.1992). If the court finds the amount of presumed child support calculated according to the figures utilized by the court is unjust or inappropriate, the court must make a written finding or specific finding on the record to that effect. *Id.*

█ Here the court failed to find the correct figures which should be used in calculating the presumed amount of child support on Form 14, and failed to either award such presumed amount or make the requisite finding that such amount was inappropriate or unjust. · For those reasons the court erred in the amount of child support it awarded to Janey.

The judgment awarding Janey $1200.00 per month child support is reversed and this cause is remanded to the Circuit Court with directions to determine the correct figures to be used in completing Form 14 and to enter a judgment for child support based upon the Form 14 calculation, or if the court finds that a different amount should be awarded after considering all relevant factors, to make a finding that the presumed child support amount is unjust or inappropriate and award the amount of child support the court finds to be appropriate.

All concur.