Becky SCOGGINS, Respondent,

v.

Thomas TIMMERMAN, Appellant.

No. WD 48817.

Missouri Court of Appeals,
Western District.

Sept. 13, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 1, 1994.

Randall P. Baker, Seigfreid, Runge, Leonatti, Pohlmeyer & Seigfreid, Mexico, for appellant.

Becky Scoggins, pro se.

Before ULRICH, P.J., and
LOWENSTEIN and HANNA, JJ.

ULRICH, Judge.

Thomas Timmerman appeals from that portion of the trial court's order which denied his motion to modify his child support obligation. On appeal, Mr. Timmerman claims that the trial court erred in denying his motion because he made a prima facie showing of changed circumstances so substantial and continuing as to make his present child support obligation unreasonable. Therefore, he concludes the trial court was required to determine his child support obligation in conformity with criteria set forth in Rule 88.01 and to make specific findings regarding any deviation from the Form 14 presumed amount.

The marriage of Thomas Frederick Timmerman and Becky Ann Timmerman (now Scoggins) was dissolved on January 11, 1984. Custody of their two minor children was

awarded to Ms. Scoggins, and Mr. Timmerman was ordered to pay child support of $300 per month ($150 per month per child). In March of 1985, pursuant to Ms. Scoggins' motion to modify, this amount was increased to $225 per month per child.

Ms. Scoggins subsequently remarried. In July of 1989, Ms. Scoggins and the children moved to Northwood, Ohio, after her husband experienced a job transfer. Ms. Scoggins' third child was born in July 1991.

On May 29, 1992, Ms. Scoggins filed a motion to modify child support alleging "there has been a substantial and continuing change of circumstance in respect to child support in that the children have increased in age and the needs of the children have changed." She also alleged that Mr. Timmerman's "income has increased so that the child support amount would be increased by more than 20% in accordance with the child support guidelines." Mr. Timmerman essentially denied Ms. Scoggins' claims and counterclaimed seeking modification of his child support obligation. Mr. Timmerman alleged that his employment circumstances "have changed dramatically" because his current monthly gross income is approximately $600 per month. Mr. Timmerman prayed that the decree be modified and that "the child support for the minor children be reduced to the amount which would be in accordance with the child support guidelines now in effect." After a hearing, the trial court denied both parties' motions to modify and did not make any findings of fact. This appeal followed.

In his only point on appeal, Mr. Timmerman claims that the trial court was required to modify his child support obligation to reflect the amount contained in the guidelines, or it was required to enter an order that the amount so calculated is unjust or inappropriate. Ms. Scoggins did not file a brief.

Section 452.370, provides:

1. ... the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable ...

If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

2. When the party seeking modification has met the burden of proof set forth in subsection 1 of this section, then the child support shall be determined in conformity with criteria set forth in supreme court rule 88.01.

．　　．　　．　　．　　．

Rule 88.01 provides:

When determining the amount of child support to order, a court or administrative agency shall consider all relevant factors, including:

(a) the financial resources and needs of the child;

(b) the financial resources and needs of the parents;

(c) the standard of living the child would have enjoyed had the marriage not been dissolved;

(d) the physical and emotional condition of the child; and

(e) the educational needs of the child. There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial ... proceeding for ... child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court ... enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

Only Mr. Timmerman filed a Form 14.[1] Mr. Timmerman's Form 14 attributed

---

1. Mr. Timmerman filed two Form 14's. One Form 14 utilized Mr. Timmerman's average

monthly gross income over the last three years to compute his monthly gross income. Mr. Tim-

$1088 per month gross income to Ms. Scoggins and $1190 to himself for a combined monthly gross income of $2278.[2] Mr. Timmerman's Form 14 showed that the presumed child support amount was $545, of which, Ms. Scoggins' share was $261.60 and his share was $283.40. Mr. Timmerman's current payment of $450 for child support exceeds by more than twenty percent the Form 14 presumed child support amount of $283.40. Because Mr. Timmerman's current support payment deviates by more than twenty percent from his child support requirement mandated by the guidelines, a prima facie case of a substantial and continuing change in circumstances has been established. *Kieninger v. Kieninger,* 836 S.W.2d 515, 517 (Mo.App.1992). Thus, Mr. Timmerman is entitled to a new award calculated according to Rule 88.01 and Form 14 unless the court determined, after considering all relevant factors, that the amount was unjust or inappropriate. *Beeman v. Beeman,* 816 S.W.2d 15, 17 (Mo.App.1991). The trial court neither awarded the Form 14 amount nor did it make a determination that the Form 14 amount was unjust or inappropriate after considering all relevant factors. Therefore, the case must be remanded to permit the trial court to correct this oversight. On remand, the trial court is directed to either enter the Form 14 amount or a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate and award the appropriate amount.

Because the trial court is compelled to make certain findings on remand, the issue of what findings the trial court is required to make when it does not award the Form 14 amount of child support is considered for clarification. Some cases emanating from this district hold that before awarding less child support than that prescribed pursuant to Form 14, a trial court is only required to find, after considering all relevant factors, that the Form 14 presumed amount is unjust or inappropriate. *Davidson v. Davidson,* 872 S.W.2d 606, 607 (Mo.App.1994); *K.R.W. by A.C.S. v. D.B.W.,* 830 S.W.2d 38, 41 (Mo.App. 1992); *Beeman v. Beeman,* 816 S.W.2d at 17; *Campbell v. Campbell,* 811 S.W.2d 504, 507 (Mo.App.1991). Other cases hold that the trial court is required to include "the actual numbers used in calculating the non-Form 14 child support, as well as the factors which make the Form 14 amount inappropriate." *Harding v. Harding,* 826 S.W.2d 404, 407 (Mo.App.1992); *Clare v. Clare,* 853 S.W.2d 414, 415 (Mo.App.1993); *Summerville v. Summerville,* 869 S.W.2d 79, 83 (Mo.App. 1993).

When interpreting Supreme Court Rules the same principles used in statutory construction are applicable. *Adams v. Boring,* 826 S.W.2d 867, 870 (Mo.App.1992). The primary rule of statutory construction is to ascertain the intent of the legislature from language used, to give effect to that intent, if possible, and to consider words used in their plain and ordinary meaning. *Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). However, when the language of the statute is clear and unambiguous, application of the rules of construction is unnecessary. *Jones v. Director of Revenue,* 832 S.W.2d 516, 517 (Mo. banc 1992). Additionally, the legislature is presumed to know the state of the law when enacting a statute. *Adams v. Boring,* 826 S.W.2d at 870. These principles are applied to the interpretation of Rule 88.01.

merman's other Form 14 used his 1992 average monthly gross income as his monthly gross income. Mr. Timmerman requested the trial court to use his 1992 income to calculate his current child support obligation. This Form 14 attributes a higher income to Mr. Timmerman than does the Form 14 which utilized a three-year average. Therefore, in this case, there is no issue presented as to which Form 14 should be used.

2. From the evidence presented, the court could have found that Mr. Timmerman understated his income. However, the Form 14 presented by Mr. Timmerman made a prima facie showing that he was entitled to a modification. The Form 14 amount is presumed to be correct and may be deviated from upon a written finding or a specific finding on the record that the application of Form 14 would be unjust or inappropriate after consideration of all relevant factors. If Mr. Timmerman's income is understated on Form 14, the trial court could certainly find that the Form 14 child support amount was unjust or inappropriate after consideration of all relevant factors.

The relevant portion of Rule 88.01(e) provides: "*It is sufficient* in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct *if the court ... enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.*" (emphasis added).

The unambiguous language of Rule 88.01 merely requires that the trial court find on the record the Form 14 amount is unjust or inappropriate, after considering all relevant factors if the court's child support award deviates from the amount calculated by application of Form 14. *Campbell v. Campbell,* 811 S.W.2d at 507; *Kovacs v. Kovacs,* 869 S.W.2d 789, 796 (Mo.App.1994) (Fenner, J., concurring); *Cohen v. Cohen,* 884 S.W.2d 35, 39 (E.D.Mo.App.1994); *In re Marriage of Short,* 847 S.W.2d 158, 166 (Mo.App.1993); *Beeman v. Beeman,* 816 S.W.2d at 17. Therefore, Rule 88.01 requires only that whenever a trial court deviates from the Form 14 amount, it must simply make a finding that the Form 14 amount, after considering all relevant factors, is unjust or inappropriate.[3] The preferred practice is for the trial court to make the finding in the precise language of 88.01(e) when it deviates from the Form 14 amount. *In re Marriage of Short,* 847 S.W.2d at 164. Any departure from this language invites issues on appeal. *Id.*

For at least four reasons the trial court is compelled by Rule 88.01 to merely find that the Form 14 amount is unjust and inappropriate. First, if the Supreme Court had intended to require trial courts to articulate specific factors considered and to express the actual numbers used in calculating non-Form 14 support, it could have stated the requirement in the rule. *In re Marriage of Short,* 847 S.W.2d at 166; *Kovacs v. Kovacs,* 869 S.W.2d at 796 (Fenner, J., concurring); *Cohen v. Cohen,* 884 S.W.2d 35, 39 (E.D.Mo. App.1994). The Supreme Court did not.

Second, this court should not impose a different effect to a Supreme Court rule than that articulated when the rule's meaning is clear and unambiguous. *Missouri Div. of Employment Sec. v. Labor & Indus. Relations Comm'n of Missouri,* 699 S.W.2d 788, 790 (Mo.App.1985). "To include the actual numbers used in calculating the non-Form 14 child support, as well as the factors which make the Form 14 amount inappropriate" imposes a requirement not required by Rule 88.01. The phrase "it is sufficient," which modifies Rule 88.01(e), cannot be ignored. The word "sufficient" means "enough." *Webster's New International Dictionary of the English Language,* 2520 (2d ed. 1947). Thus, Rule 88.01(e) requires the trial court that does not enter the Form 14 amount to at least state on the record that the presumed amount was unjust or inappropriate after considering all relevant factors. Rule 88.01(e) does not require additional findings. However, as discussed later, trial courts may be compelled by the standard of review to make additional findings.

Third, although the guidelines are mandatory, the trial court is still vested with wide discretion with respect to granting child support, and that discretion is expressly retained by § 452.340.8 RSMo.Cum.Supp.1993. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 951 (Mo.App.1993). The Missouri Child Support Guidelines have been accorded substantial consideration in determining and reviewing child support awards, but the guidelines are not to be automatically or rigidly applied. *Id.* The guidelines are simply formulas or schedules to consider and they leave significant room for the sound discretion of the trial court. *Id.* Rule 88.01 is not intended to remove all discretion from the trial court.

---

3. Although the plain language of Rule 88.01 does not require specific findings when a court deviates from the Form 14 amount, principles of appellate review require the trial court to make specific findings when the factors which caused the Form 14 amount to be unjust or inappropriate are not apparent from the record. Furthermore, the trial court cannot find the Form 14 child support amount unjust or inappropriate after considering all relevant factors unless the trial court first calculates the Form 14 amount, *Davidson v. Davidson,* 872 S.W.2d at 607, i.e., the trial court cannot deviate from the Form 14 amount unless there is a Form 14 amount. The record must reflect the Form 14 amount.

Fourth, "in some dissolution cases it is likely there will be no quarrel regarding calculation of the presumed child support amount on Form No. 14, yet because of the particular circumstances of the case, such amount will be inappropriate. In those cases it would be absurd to require a trial court to prepare its own Form No. 14 mirroring the ones submitted by the parties." *In re Marriage of Short*, 847 S.W.2d at 166.

Although Rule 88.01 does not require the trial court to make findings of the factors considered and the actual numbers used in calculating non-Form 14 support when the court determines the Form 14 child support amount is unjust or inappropriate, the standard of review requires that the court's findings be supported by substantial evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Hamilton v. Hamilton*, 817 S.W.2d 937, 940 (Mo.App.1991). Therefore, when the trial court deviates from the Form 14 amount, the record must exhibit what factors caused the deviation from the guideline amount. *Summerville v. Summerville*, 869 S.W.2d at 83; *Michel v. Michel*, 834 S.W.2d 773, 779 (Mo.App.1992). Thus, although the trial court is not required to complete a Form 14, the Form 14 calculations must be apparent from the record regardless whether the Form 14 amount is proper or "unjust or inappropriate" after considering all relevant factors. *Umphenour v. Umphenour*, 831 S.W.2d 764, 767 (Mo.App. 1992). Additionally, although the trial court is not required to state the relevant factors which caused the Form 14 amount to be unjust or inappropriate, the factors which caused the deviation from the Form 14 amount must be apparent from the record. *Summerville v. Summerville*, 869 S.W.2d at 83. Furthermore, this construction of 88.01 is supported by the parties' ability to require the court to make findings of fact pursuant to Rule 73.01(a)(3).

To the extent that *Harding v. Harding*, 826 S.W.2d 404, 407 (Mo.App.1992); *Clare v. Clare*, 853 S.W.2d 414, 415 (Mo.App.1993); *Summerville v. Summerville*, 869 S.W.2d 79, 83 (Mo.App.1993), disagree with this holding, they are to be disregarded.

The judgment is reversed, and the case is remanded with directions that the trial court modify the child support obligation to reflect the amount determined by the guidelines or to find in a manner consistent with this opinion that the amount is unjust and inappropriate and to make an award that is appropriate and just.

HANNA, J., concurs.

LOWENSTEIN, J., concurs in separate concurring opinion.

LOWENSTEIN, Judge, concurring.

I concur in reversing the judgment and ordering a remand. I do not concur in the directions governing what is to occur on remand. Scoggins filed the original motion to modify child support upward. Timmerman moved to reduce, and filed the only Form 14 in the case, which created a rebuttable presumption that the amount of support calculated pursuant to the guidelines was correct. The trial court did not feel the Form 14 amount was proper, and left support at $450. The majority wipes out any requirement of findings as to how the $450 figure was selected. On remand, the majority merely requires a written conclusion that Timmerman's figures on his Form 14 were incorrect, the presumed amount was "unjust or inappropriate," and the conclusion of $450 was just. The case authority overturned today would have required the trial court to have issued specific factual findings as to why the guideline amount was incorrect, or how the $450 figure was correct.

Though cited by the majority for numerous propositions, *In re Marriage of Short*, 847 S.W.2d 158 (Mo.App.1993), while having some of the same facts as here, does not support the majority's declaration of the trial court's function on remand. In that dissolution action, Ms. Short filed the only Form 14. Her calculation of support was rejected by the court without utilizing the magic words, "after consideration of all relevant factors, [the Form 14 amount] is unjust or inappropriate." *Id.* at 164. The trial court's decree, (as reprinted at pages 163–64) found the support amount "[was] not in conformity" with Form 14, but that due to Ms. Short's

**140**

amount of indebtedness, deviating from the Form 14 amount was reasonable. *Id.* at 163. In addition, the trial court order also pointed to specific evidence showing Ms. Short was capable of gainful employment, which also justified the deviation. *Id.* at 163. The decree recited that the judge had considered the provisions of § 452.340 in considering the support amount decreed, and reiterated that Mr. Short "has sustained large business losses" and much of his income "has been used to service this debt." *Id.* at 163–64.

The factual specificity of the decree in *Short* far exceeds the standard now set in the majority opinion, for as stated in *Short*, "[T]he trial court set forth its reasons for that decision." *Id.* at 164. The "reasons," or findings made in *Short* certainly provided the underpinning for the rulings and language quoted in the majority opinion, where Ms. Short's points on appeal were denied. With the factual specificity laid out by the court in *Short*, there was no reason for the Southern District to send the case back, nor to require the trial court to slavishly adhere to Ms. Short's Form 14, or to calculate another Form 14. *Id.* at 165. However, the fact remains the trial court in *Short* laid forth specific evidence in its finding that the Form 14 amount was to be deviated from. The missing "magic language" that the guideline amount "is unjust or inappropriate" was not the fatal flaw in *Short*, nor should it be in other cases when there are specific factual findings by the court in its order to lead the reader to that unmistakable conclusion. However, without those specific factual findings, a fatal flaw does exist as appellate courts must themselves then rifle through the record to see upon which of the possible factors the trial court based its deviation.

The interest of judicial economy would best be served, I believe, in interpreting Rule 88.01, to require specific findings to support a result which differs from the Form 14 figures, rather than by an interpretation of the rule to merely allow a general pronouncement that the Form 14 amount was inappropriate, followed by an appeal debating what in the record supports the judgment. Language supporting specificity is found in *Mehra v. Mehra*, 819 S.W.2d 351, 354 (Mo. banc 1991). *Mehra*, a case concerned with extending awards beyond the support guidelines: "The amounts indicated on the schedule are but a presumption of the proper level of support, given the monthly level income of the parties, and we find the trial court's mode of extrapolation beyond the confines of the schedule unjustified in the absence of any specific finding that the $1,550 figure is unjust or inappropriate." *Id.* "Further, the record does not reflect how the court determined that husband must pay $800 per month towards the children's 'special needs,' which include private educational expenses of $1,133.33 per month". *Id.*

Therefore, I would concur in reversing and remanding, but would not change the case law on a deviation from the presumed amount of child support.