**Sharon PEERY, Respondent,**

v.

**Richard PEERY, Appellant.**

**No. WD 52162.**

Missouri Court of Appeals,
Western District.

Nov. 19, 1996.

Michael Joseph Kuster, Jefferson City, for Respondent.

Kelly A. Halford, Lexington, for Appellant.

Before LOWENSTEIN, P.J., and BRECKENRIDGE and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

The parties' marriage was dissolved on September 26, 1988. Respondent was awarded physical custody of the parties' three minor children and child support from appellant of $44 per week. On March 29, 1994, respondent filed a motion to modify to increase the child support. Appellant filed a counter-motion seeking physical custody of the parties' eldest child, Cory. The trial court awarded physical custody of Cory to appellant and ordered him to pay respondent $250 per month in child support for the two children remaining in respondent's custody. Appellant appeals the child support order, claiming the trial court erred in awarding child support in that the trial court deviated from the presumed correct child support amount calculated pursuant to Civil Procedure Form No. 14 without complying with Rule 88.01 and that the award was not supported by the evidence. We reverse and remand.

### Facts

The marriage of appellant Richard Dennis Peery and respondent Sharon Ann Peery was dissolved in the Circuit Court of Callaway County on September 26, 1988. Pursuant to the Decree of Dissolution of Marriage, respondent was awarded physical custody of the parties' three minor children, Cory, Courtney and Curtis, with appellant ordered to pay child support of $44 per week.

On March 29, 1994, respondent filed in the Circuit Court of Callaway County a motion to modify the court's decree to increase child support. Appellant filed a countermotion seeking physical custody of Cory. The parties jointly submitted and stipulated to two Form 14 child support calculations, one calculating the presumed correct amount of child support appellant would owe respon-

dent if the trial court did not order a change of custody as to Cory. The other calculation, the trial court's Exhibit A, consisted of two Form 14 worksheets calculating the presumed correct child support amount if the court did order physical custody of Cory changed to appellant. The first split custody Form 14 worksheet reflected that the appellant would owe respondent $295 as his presumed correct child support obligation for the two children in respondent's custody. The second reflected that respondent would owe appellant $366 as her presumed correct child support obligation for the child in appellant's custody. Subtracting the lesser amount from the greater pursuant to Comment C of Form 14, the presumed correct child support amount under the Form 14 split custody formula was $71 per month, payable from respondent to appellant.

The trial court sustained appellant's counter-motion for a change of custody and entered an order transferring custody of Cory to appellant and ordering him to pay child support to respondent in the amount of $250 per month. Appellant appeals, claiming the trial court erred in deviating from the split custody presumed child support amount of $71 per month; because in awarding child support of $250 per month to respondent, the trial court did not comply with Rule 88.01, and the award was not supported by the evidence. We reverse and remand.

### Standard of Review

In a case involving review of a trial court's determination of a child support modification question, the trial court's ruling will be affirmed unless: 'there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or misapplies the law.' *McMickle v. McMickle*, 862 S.W.2d 477, 480 (Mo.App. 1993); citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Ehrhardt v. Volkart*, 883 S.W.2d 553, 554 (Mo.App.1994).

### I.

■ Appellant claims that the trial court erred in awarding child support of $250 per month to respondent by deviating from the presumed correct child support amount of $71 per month to appellant as calculated pursuant to Form 14 in that the trial court in doing so did not comply with Rule 88.01 and the award was not supported by the evidence. *See, Woolridge v. Woolridge*, 915 S.W.2d 372 (Mo.App.1996) (deviation by rejection); *Scoggins v. Timmerman*, 886 S.W.2d 135 (Mo.App.1994) (deviation by rebuttal). We agree.

The adjudication of all child support awards is governed by Rule 88.01. *Woolridge*, 915 S.W.2d at 378. In determining the child support amount, the use of Civil Procedure Form No. 14 is mandatory. *Id.* Comment C of Form 14, which governs the award of child support in split custody cases, such as the instant case, provides that:

Split custody refers to those circumstances in which there is more than one child and each parent has physical custody of one or more but not all children. In those instances, the support amount is calculated by using two Form 14s. A Form 14 is completed for the number of children in the custody of one parent, using all income data and deductions for each parent, and disregarding the child(ren) in the custody of the other parent. The expenses that are in addition to the presumptive child support amount and that are entered on line 4b, 4c or 4e should be only for the child(ren) for whom the support amount is being calculated. In those instances where one parent is providing the costs of an item for all children, i.e., health insurance, the gross amount of such cost is to be prorated among the children for purposes of completing the form. The same process is then to be undertaken for the other parent. After completion of the multiple Form 14 worksheets, subtract the lesser amount from the greater. Use the difference between these two obligations as the child support order payable by the parent with the larger of the two obligations.

### Civil Procedure Form No. 14, Comment C.

In compliance with the requirements of Comment C, the parties jointly submitted two stipulated Form 14s, one for the child support payable by appellant to respondent

for the two minor children in respondent's custody and the other for the child support payable by respondent to appellant for the minor child in appellant's custody. The stipulated Form 14 worksheets resulted in a presumed correct child support amount appellant would owe respondent of $295 and a presumed amount respondent would owe appellant of $366. Pursuant to Comment C, the lesser amount was subtracted from the greater, resulting in a difference of $71 per month payable to appellant from respondent. This is the amount of child support the trial court was required under Rule 88.01 and Form 14 to award as child support, unless it "rejected" or "rebutted" this presumed correct child support amount. *Woolridge*, 915 S.W.2d at 381–82.

The difference between rejection and rebuttal and what is required under Rule 88.01 in each instance is discussed at length and in great detail in *Woolridge*. A trial court "rejects" a Form 14 calculation when it finds that the calculation itself was incorrectly done, i.e., when an item is incorrectly included in the calculation, an amount of an item included in the calculation is incorrect or the mathematical calculation is incorrect. *Id.* at 378. A trial court "rebuts" the presumed correct child support amount, as calculated pursuant to a correct Form 14 calculation, when it determines that the amount calculated is unjust or inappropriate after considering all relevant factors, including non-Form 14 factors. *Id.* at 378–79. If a trial court rejects the Form 14 calculation, it must do its own Form 14 calculation by either completing a Form 14 worksheet and making it part of the record or by articulating on the record how it calculated its Form 14 amount. *Id.* at 381–82. If a trial court rebuts the presumed correct child support amount, it must state on the record that it finds the presumed correct child support amount unjust or inappropriate after considering all relevant factors. *Scoggins*, 886 S.W.2d at 137.

Here, in deviating from the split custody presumed correct child support amount,

as calculated pursuant to Form 14, and ordering appellant to pay respondent $250 per month in child support, the trial court did not comply with Rule 88.01 for rejection or rebuttal. Instead, it ordered appellant to pay respondent his child support obligation of $295 per month for the two children in respondent's custody less a $45 "credit" for the care of Cory, while totally ignoring respondent's $366 monthly child support obligation for the child in appellant's custody. Because the trial court deviated from the presumed correct child support amount without following Rule 88.01 for "rejection" or "rebuttal", we must reverse unless the record clearly indicates how the trial court arrived at the amount of support awarded, and we find the award of support entered by the trial court is supported by the evidence. *Woolridge*, 915 S.W.2d at 382; *Scoggins*, 886 S.W.2d at 137.[1]

In awarding child support of $250 per month to respondent, the trial court stated for the record as follows:

> ... Pursuant to Resp.'s request that he does not require child support, same is not ordered as to said minor child. On Movant/Petitioner's Motion to increase child support, Court adopts Form 14 marked Court's Exhibit A, prepared jointly by parties and modifies Movant/Pet. child support to $295.00 less $45.00 credit to Respondent for care & support of minor child Cory Peery, which places child support as amended at $250.00 per month from Respondent to Movant/Pet. for support of two minor children.

L.F. 45. From this we can determine the trial court was not rejecting the Form 14's stipulated to by the parties, but was rebutting downward the presumed correct child support amount of $71 per month payable from respondent to appellant. The question then is whether the "request" of appellant for no child support was sufficient to rebut downward the child support payment of $71 per month from respondent to appellant to a child support payment of $250 per month from appellant to respondent, a rebuttal of $321.

---

1. We would reiterate here what we stressed in *Woolridge,* that compliance with Rule 88.01 and Form 14 is mandatory in all child support cases

and that the failure to comply will result in close appellate scrutiny and increases the likelihood of reversal.

The only evidence in support of rebuttal was appellant's testimony pursuant to questions of counsel as follows:

Q. We submitted to the court by stipulation of counsel two Form 14s.... One shows a child support obligation of ($)334. And if the court denies you change of custody, you're willing to pay that; is that correct?

A. Correct.

Q. And the other one with the combined Form 14s, if you were awarded custody of Cory, it shows that your former wife would owe you $71; is that correct?

A. Correct.

Q. Are you asking the court not assess child support, however, deviate from the chart if you're awarded custody of Cory?

A. I don't want it.

Q. Are you able through your work to adequately support Cory if you're awarded custody without any child support?

A. Yes, ma'am.

Tr. 76. Respondent contends that the trial court was correct in awarding her child support of $250 because this testimony of appellant warranted such an award. In effect, respondent argues that this evidence is sufficient to "rebut" the presumed correct child support amount of $71 payable from respondent to appellant. The respondent does not attempt to explain how the trial court calculated the $45 "credit".

We find that the testimony of appellant is entirely insufficient to rebut downward the presumed correct amount by $321. Despite the respondent's and trial court's interpretation of appellant's testimony, it is obvious that the appellant in testifying that he did not want child support from respondent was referring to the $71 difference between his obligation for two children and respondent's

obligation for one child. Appellant's testimony simply cannot be tortured to reach the interpretation reached by the trial court that appellant did not want it to consider the $366 which was calculated as respondent's child support obligation to appellant for the child, Cory. The question then becomes whether the evidence supports a rebuttal downward of any amount.

■ We have previously held that where the custodial parent testifies that the actual demonstrable needs of the child are less than the presumed amount, the actual amount of child support awarded may be rebutted downward. *Harding v. Harding*, 826 S.W.2d 404, 407 (Mo.App.1992); *Heins v. Heins*, 783 S.W.2d 481, 483 (Mo.App.1990). Based on these holdings, we find appellant's testimony that he did not need the $71 per month child support from respondent to provide for Cory's needs is sufficient to rebut the split custody presumed correct child support amount from $71 per month to $0.

### Conclusion

We find that in ordering appellant to pay respondent child support in the amount of $250 per month, the trial court erroneously declared and applied the law and that there is no substantial evidence in the record to support such an award. Accordingly, we reverse and remand, directing the trial court to enter judgment modifying its Decree of Dissolution of Marriage, awarding no child support to either party retroactive to the date when custody of the minor child, Cory, was changed from respondent to appellant.[2]

All concur.

---

**2.** We would suggest that as part of its judgment, the trial court make findings similar to the following:

The court finds that the split custody presumed correct child support amount as calculated and stipulated to by the parties pursuant to

§ 452.340.8, RSMo 1994, Supreme Court Rule 88.01, and Comment C of Civil Procedure Form No. 14, is $71 per month payable to respondent [appellant] from petitioner [respondent]; and, that after consideration of all relevant factors pursuant to § 452.340.8 and Rule 88.01, is rebut-

ted as being unjust or inappropriate in that respondent testified that the needs of the child for whom he would be receiving support, did not require the child support payment of $71 per month from petitioner; and, that after consider-

ation of all relevant factors pursuant to § 452.340.1, RSMo 1994, and Rule 88.01, the reasonable and necessary split custody child support amount is $0. See *Woolridge,* 915 S.W.2d at 383.