Ralph **ERBSCHLOE**, Appellant,

v.

**GENERAL MOTORS CORPORATION**, Respondent.

No. 60189.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 21, 1992.

Thomas J. Casey, St. Louis, for appellant.

Brian J. Dean, St. Louis, for respondent.

CRIST, Judge.

Employee appeals the denial of his claim for workers' compensation due to a back injury. The administrative law judge found Employee was not entitled to compensation. The Labor and Industrial Relations Commission and the circuit court upheld this decision. We affirm.

Employee alleged he injured his back on May 2, 1980, while lifting an object as part of his job as an assembly line worker for Employer. He subsequently had back sur-gery to correct the problem. Employee testified at his hearing on November 8, 1988, that he still had constant, severe pain. He testified he could not stand, sit or walk for long periods of time, could not bend over very far, or raise his arms above his head.

At the hearing, Employer produced a surveillance videotape which contradicted Employee's testimony. Prior to the hearing, Employee asked Employer to produce all statements and other evidence relating to statements of Employee pursuant to § 287.215, RSMo 1986. Employer did not produce the videotape. At the hearing, the videotape was admitted into evidence over Employee's objections.

The administrative law judge found Employee's testimony incredible, at least in part due to the videotape. The judge ruled against Employee in his claim for compensation, and also ruled that the videotape was not a "statement" under § 287.215. These holdings were upheld by the Labor and Industrial Relations Commission and were affirmed by the circuit court.

On appeal, Employee contends the videotape was a statement within the meaning of § 287.215, and should have therefore been furnished to Employee. Employee argues that because it was not furnished, it was inadmissible, and the denial of his claim for compensation should be reversed.

Section 287.215 provides as follows:

No statement in writing made or given by an injured employee, whether taken and transcribed by a stenographer, signed or unsigned by the injured employee, or any statement which is mechanically or electronically recorded, or taken in writing by another person, or otherwise preserved, shall be admissible in evidence, used or referred to in any manner at any hearing or action to recover benefits under this law unless a copy thereof is given or furnished the employee, or his dependents in case of death, or their attorney, within fifteen days after written request for it by the injured employee, his dependents in case of death,

or by their attorney. The request shall be directed to the employer or its insurer by certified mail.

 Employee suggests that because Missouri courts have found conduct to be an admission (*see Reiling v. Russell,* 345 Mo. 517, 134 S.W.2d 33 (Mo.1939)), that videotapes such as the one in this case should be considered statements for discovery purposes under § 287.215 in Workers' Compensation cases. We disagree. The statute clearly addresses only statements. There is no authority for Employee's proposition that a videotape with no audio portion constitutes a statement under § 287.215. Further, such evidence is valuable in determining the credibility of a witness. The videotape in this case was admissible to impeach Employee's testimony and diminish his recovery. *Wren v. St. Louis Public Service Company,* 333 S.W.2d 92, 97 [6] (Mo.1960).

*Judgment affirmed.*

PUDLOWSKI, P.J., concurs.

STEPHAN, J., concurs in separate opinion.

STEPHAN, Judge, concurring.

Although I concur with the majority's result, I do so for the following reason. Section 287.215 specifies that:

"no *statement* in writing made or given by an injured employee, whether taken and transcribed by a stenographer, signed or unsigned by the injured employee, or any statement which is mechanically or electronically recorded, or taken in writing by another person, or otherwise preserved, shall be admissible in evidence, ... unless a copy thereof is given or furnished the employee, ... within fifteen days after written request for it by the injured employee...."

Black's Law Dictionary defines "statement" as: "[a]n oral or written assertion, or *nonverbal conduct of a person, if it is intended by him as an assertion.*" Black's Law Dictionary 1408 (Sixth ed. 1990). I have no reservation in finding the videotape was nonverbal conduct. However, there is no indication that Employee,

who was unaware that his Employer's agent was videotaping him, intended such conduct to be an assertion. It, therefore, does not constitute a statement as contemplated by Section 287.215.

I, therefore, concur in the result only.