**STATE of Missouri ex rel. MISSOURI PACIFIC RAILROAD COMPANY, et al., Relators,**

v.

**Honorable Jack L. KOEHR, Presiding Judge, Circuit Court of St. Louis City, Respondent.**

**No. 75387.**

Supreme Court of Missouri, En Banc.

May 25, 1993.

Michael O'Keefe, Dan H. Ball, James W. Erwin, William D. Hakes, St. Louis, for relators.

Jerome J. Schlichter, Robert S. Bogard, Steven L. Groves, St. Louis, for respondent.

HOLSTEIN, Judge.

> *"One picture is worth more than 10,000 words."*
>
> Chinese Proverb

The issue presented in this case is whether surveillance photographs or motion pictures are, as suggested by the adage, a "statement" of a party discoverable under Rule 56.01(b)(3). This Court concludes that such surveillance materials are discoverable under the rule.

In the underlying case John D. Brown, an engineer for defendants, seeks recovery for various injuries allegedly caused by defendants, relators in this proceeding. Plaintiff, in a request for production, sought:

> All photographs or motion pictures taken of the plaintiff subsequent to the accident alleged in plaintiff's Petition.
>
> . . . .
>
> Any and all reports, records or other documents from any surveillance of plaintiff.

Plaintiff's interrogatories ask the following questions:

> Have any motion pictures or photographs of plaintiff been taken by you or anyone acting on your behalf? If so, state for each:
>
> (a) The date(s) each photograph or motion picture was taken;
>
> (b) The name of the person or persons taking each photograph or motion picture;
>
> (c) The location where each photograph or motion picture was taken;
>
> (d) The present location of each photograph or motion picture.
>
> State all persons who have followed and in any way conducted surveillance on the plaintiff on behalf of the defendant since

the time of his accident. For each person:

(a) State the name and address of the person;

(b) State under whose direction such person was acting;

(c) State whether such person made a report and if so, state the verbatim contents of all such reports;

(d) The location where such surveillance was conducted.

Relators made timely objections to the requests for production and the interrogatories noted above on the ground that they were protected work product. The trial judge overruled the objections and ordered relators to respond to the discovery. A preliminary writ of prohibition was sought and obtained in the Missouri Court of Appeals, Eastern District. Following opinion, the case was transferred to this Court. *Rule 83.03.*

There is no question but that photographs taken in anticipation of litigation are work product and, prior to the 1989 amendment of Rule 56.01(b)(3), were not discoverable absent a showing of a substantial need and undue hardship. *Porter v. Gottschall*, 615 S.W.2d 63, 65 (Mo. banc 1981).

An exception to the required showing of need and hardship is found in the second paragraph of current Rule 56.01(b)(3), which states:

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. For purposes of this paragraph, a statement previously made is: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, audio, video, motion picture or other recording, or a transcription thereof, of the party or of a statement made by the party and contemporaneously recorded.

Ordinarily, the adoption of a new rule of civil procedure is an expression of this Court's desire to change a procedure. In that circumstance this Court might exercise substantial license to explain the meaning of an amendment to our rules. However, in the case of Rule 56.01, the most recent change in the rule was not motivated by the Court's desire to modify the rules of discovery. The present content of Rule 56.01 is a product of this Court's effort to accommodate the General Assembly's enactment of S.B. 127 in 1989.[1] Generally, we look to the canons of statutory construction when attempting to discern what the legislature intended, just as the court of appeals relies on those canons when construing our rules. *State v. Ryan*, 813 S.W.2d 898, 901 (Mo.App.1991). In addition, the canons of construction are, for the most part, an expression of principles deduced from common sense and long experience. The canons of statutory construction provide the only appropriate compass for construing Rule 56.01.

Under the plain language of Rule 56.-01(b)(3), a "statement" is defined, *by the rule*, to include a "video, motion picture or other recording ... of the party." This definition of "statement" is at variance with the standard dictionary definition. However, when the internal definition of the term within the rule is contrary to a dictionary definition, the internal definition supersedes the commonly accepted dictionary definition. *In re Estate of Hough*, 457 S.W.2d 687, 691 (Mo.1970). The internal definition of "statement" is clear and free of ambiguity. Where the words are clear and unambiguous, rummaging among the statutory canons of construction to devise a different meaning is impermissible. *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). In addition, relator's construction would render the words "video, motion picture or other recording of a party" meaningless. The usual presumption is that words in a rule or

---

1. S.B. 127 contained two enacting clauses. Clause A amended or enacted a long list of statutes involving the militia, court administration, expert witnesses, court costs and juries. Clause B purported to amend Rule 56.01. Be-

cause the enactment was not limited to amending the rule, the validity of the amendment to Rule 56.01 is questionable. *See Mo. Const. art. V, § 5.* However, that issue is not in this case and, in any event, is moot.

statute are not intended to be meaningless. *Stiffelman v. Abrams*, 655 S.W.2d 522, 531 (Mo. banc 1983). If only a written or audio recording was intended to be discoverable, the additional words were unnecessary. Similarly,. if only the *audio portion* of a "video, motion picture or other recording" was intended, the emphasized words could have been added. Rule 56.01(b)(3) must be accorded its plain meaning.

A number of authorities are cited as justification for construing Rule 56.01(b)(3) in a manner inconsistent with its plain language. However, none of the authorities cited involves a discovery rule similar to Rule 56.01(b)(3). For example, *Erbschloe v. General Motors Corp.*, 823 S.W.2d 117 (Mo.App.1992), held that a surveillance video was not a statement made or given by an employee and therefore was not a discoverable statement under § 287.215, RSMo 1986, of the workers' compensation law. Section 287.215 does not provide an internal definition of "statement" as does Rule 56.01(b)(3). Similarly, cases from other jurisdictions forbidding or strictly limiting discovery of surveillance pictures do not involve rules or statutes containing language similar to that found in the amended version of Rule 56.01(b)(3). *See DiMichel v. South Buffalo Ry. Co.*, 80 N.Y.2d 184, 590 N.Y.S.2d 1, 604 N.E.2d 63 (1992), and *Cabral v. Arruda*, 556 A.2d 47 (R.I.1989). Consequently, those cases provide no guidance here.

Relators argue that even if surveillance materials are deemed to be discoverable, a defendant should not be required to disclose them until after the plaintiff testifies either at trial or by way of deposition. Counsel argues that such surveillance materials are only relevant and admissible if the plaintiff should testify. Again, the argument overlooks the language of the rule which permits discovery of an audio, video, motion picture or other recording of the party concerning the action or its subject matter. Once it is determined that the materials are not protected work product, it is insignificant whether they are admissible at trial. Surveillance films made of a party are "relevant to the subject matter of the action." The rules only require that the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Rule 56.01(b)(1)*. The argument is rejected.

All but one of the interrogatories in question request information which is not protected by the work product privilege. The one exception is plaintiff's inquiry into the existence of any reports made in connection with surveillance and requests for the contents of any such report.

A report made by the person conducting surveillance clearly does not fall within the Rule 56.01(b)(3) definition of a statement previously made by the party seeking discovery. Instead, it would be a report made by an agent of the defendant, prepared in preparation for trial, which is subject to the work product privilege. *State ex rel. Day v. Patterson*, 773 S.W.2d 224, 227 (Mo.App. 1989). Additionally, the existence of such a report may not be inquired into as it does not appear that there is a "legitimate purpose in the inquiry, aside from the production of privileged material." *State ex rel. St. Louis Public Service Co. v. McMillian*, 351 S.W.2d 22, 26 (Mo. banc 1961).

The writ of prohibition is quashed as to the motion to produce any surveillance photographs or motion pictures taken of the plaintiff subsequent to the accident, and the writ is quashed as to the interrogatories relating to the date and location such surveillance photographs or motion pictures were taken of the plaintiff, the names and addresses of the persons who took the photographs or motion pictures, and the present location of each photograph or motion picture. The writ is also quashed as to the interrogatories requesting the name and address of each person conducting surveillance, under whose direction such person was acting, and the location of surveillance. The writ is made absolute as to the interrogatory and production request seeking information relating to any surveillance reports made and the content of the reports.

All concur.