Kaleigh Nycole MYERS–GEIGER, By Next Friend Treva Lee MYERS, et al., Respondents,

v.

Gregory Kent GEIGER, Respondent–Respondent,

State of Missouri, Intervenor–Appellant.

No. 19048.

Missouri Court of Appeals, Southern District, Division Two.

July 5, 1994.

Donna K. Skouby, Joplin, for appellant.

Dana N. Church, Kansas City, for respondents.

FLANIGAN, Presiding Judge.

Plaintiffs Kaleigh Myers–Geiger and her mother Treva Myers instituted this action against defendant Gregory Geiger, seeking a declaration that defendant is the father of Kaleigh and an award of child support. The State of Missouri, Division of Child Support Enforcement, intervened. Treva is receiving AFDC benefits from the state and assigned her child support rights to intervenor.

An evidentiary hearing was held with all parties present. Defendant admitted he was the father of Kaleigh. The parties introduced Form No. 14 mentioned in Rule 88.-

01(e).[1] According to the form, the presumed child support amount was $519.60, all of which would be the obligation of defendant. Treva was in nurses' training and had no wage income. The trial court entered a judgment which required defendant to pay $271 per month in child support. The state appeals.

The state's sole point is that the trial court erred in awarding an amount of child support which was less than the amount calculated pursuant to Rule 88.01 and Form 14 because the court failed to make a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate. The validity of the point requires reversal of that portion of the judgment and remand.

Rule 88.01(e) reads, in pertinent part:

"There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate."

Rule 88.01 applies in paternity actions. *State, Div. of Family Services v. A.J.*, 872 S.W.2d 594, 597 (Mo.App.1994). *State, Div. of Family Services v. Williams*, 861 S.W.2d 592, 595 (Mo.App.1993). A child support award which departs from the guidelines under Form 14 is ineffective where there is no finding by the trial court that the amount so calculated would be unjust or inappropriate. *Davidson v. Davidson*, 872 S.W.2d 606, 607 (Mo.App.1994). "The party against whom the presumption operates must adduce evidence to show that application of the relevant factors supports a finding that Form 14 should not be used." *State, Div. of*

---

**1.** Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

*Family Services v. A.J., supra,* 872 S.W.2d at 597. For review on appeal, the trial court's decisions in regard to Form 14 calculations must be determinable from the record. *In re Marriage of V___ A___ E___,* 873 S.W.2d 262, 270 (Mo.App.1994).

Where the trial court enters an award of child support which varies from the amount calculated pursuant to Form 14, and fails to make a finding that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate, such failure is error which requires reversal and remand. *In re Marriage of V___ A___ E___, supra,* 873 S.W.2d at 270; *Davidson v. Davidson, supra,* 872 S.W.2d at 607; *Glenn v. Francis,* 864 S.W.2d 947, 954 (Mo.App. 1993); *Michel v. Michel,* 834 S.W.2d 773, 779 (Mo.App.1992); *Mocciola v. Mocciola,* 834 S.W.2d 872, 873 (Mo.App.1992); *Allen v. Allen,* 811 S.W.2d 58, 59 (Mo.App.1991); *Campbell v. Campbell,* 811 S.W.2d 504, 506 (Mo. App.1991). Such is the situation here.

That portion of the trial court's judgment requiring defendant to pay the sum of $271 per month child support commencing July 22, 1993, is hereby reversed and the cause remanded with directions to the trial court (a) to enter an award of child support based upon Form 14 calculations, or (b) to enter a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate and to award the appropriate amount. The amount awarded shall be payable monthly, commencing July 22, 1993. All other portions of the judgment are affirmed.

PREWITT and GARRISON, JJ., concur.