**DIVISION OF FAMILY SERVICES, ex rel. J.L.M., by Next Friend, C.A.M., and C.A.M., Individually, Plaintiffs–Respondents,**

v.

**Gary BUTTRAM, Defendant–Appellant.**

No. 20598.

Missouri Court of Appeals,
Southern District,
Division Two.

June 12, 1996.

Stephen P. Seigel, Springfield, for appellant.

J. Ronald Carrier, Barbara A. Bean, Asst. Pros. Attys., Greene County, Springfield, for respondents.

SHRUM, Chief Judge.

This is a paternity case over which the family court of Greene County, Missouri, had exclusive original jurisdiction pursuant to the provisions of §§ 487.010–.190.[1]

The family court commissioner assigned to this case found that Gary Buttram was the

---

1. All references to statutes are to RSMo 1994 and all references to rules are to Missouri Rules of Civil Procedure (1995) unless otherwise indicated.

father of J.L.M.[2] He also recommended both a past and current child support amount, that Father provide medical and dental insurance for J.L.M., and that Father pay one half of J.L.M.'s uninsured health care expenses. The commissioner's findings and recommendations were adopted and confirmed by the judge of the family court.

Father appeals from the part of the judgment which set his current child support payment at $289 per month and imposed responsibility upon him for medical and dental insurance and a portion of the child's uninsured health care needs.

We reverse and remand.

■ We need only address Father's third point as it is dispositive of this appeal. In that point Father alleges and DFS concedes that the trial court erred when it ordered him to pay child support and certain expenses in addition to child support. He asserts—correctly so—that Rule 88.01 requires that deviation from the amount of child support calculated pursuant to Civil Procedure Form No. 14 must be supported by a finding that the presumptive amount is unjust or inappropriate upon consideration of all relevant factors. Father is also correct when he claims that the trial court deviated from the presumptive amount and failed to make the necessary finding.

■ It is well settled that Rule 88.01 applies in paternity cases. *Myers–Geiger by Myers v. Geiger,* 878 S.W.2d 925, 927[6] (Mo. App.1994); *State, Div. of Family Serv. v. A.J.,* 872 S.W.2d 594, 597 (Mo.App.1994); *State, Div. of Family Serv. v. Williams,* 861 S.W.2d 592, 595[6] (Mo.App.1993). Rule 88.01(e) states as follows:

"There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial or administrative proceeding for dissolution of marriage, legal separation, or child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated

pursuant to Civil Procedure Form No. 14 is correct if the court or administrative agency enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate."

The rule clearly provides that a deviation from the presumptive amount requires a specific finding that upon consideration of all relevant factors, such an amount would be unjust or inappropriate. *Beeman v. Beeman,* 816 S.W.2d 15, 17 (Mo.App.1991). An award which differs from the presumptive amount is ineffective without the mandatory finding. *Id.* A trial court that deviates from the presumptive amount without the mandatory finding commits error which requires reversal and remand. *See Myers–Geiger,* 878 S.W.2d at 927[4] and cases cited therein.

■ Here, as far as we can tell from the sparse record before us, neither the parties nor the court ever completed a Form 14. Form 14 now includes (effective April 1, 1994) health insurance costs for the minor child as part of the total combined child support costs. However, given the fact that the trial court ordered Father to pay a fixed amount per month as well as separately ordering him to provide medical and dental insurance, costs which should have been reflected in a calculation of the presumptive amount, we can confidently say that the court deviated from the presumptive amount. Moreover, the court ordered Father to pay fifty percent of uncovered medical expenses. This constitutes payment of child support. *Adelman v. Adelman,* 878 S.W.2d 871, 873[2] (Mo.App.1994). Accordingly, both such provisions show a deviation from the presumptive amount, which requires the court to state that the presumptive amount is "unjust or inappropriate." Here, the court did not make that required specific finding.

We cannot, as DFS urges, resolve this matter as did the court in *DeCapo v. DeCapo,* 915 S.W.2d 343 (Mo.App.1996). The court in *DeCapo* employed Rule 84.14 to "give such judgment as the court ought to give" and

2. Herein we collectively refer to the following parties as "DFS": Division of Family Services, ex rel. J.L.M. by next friend, C.A.M., and C.A.M.,

individually. We refer to Gary Buttram as "Father."

modified the order to reflect that the presumptive amount was unjust and inappropriate. *Id.* at 347. Here, since the record gives us no indication that the trial court ever calculated or was presented with a calculation of the presumptive amount, we cannot say that it implicitly found that the presumptive amount was inappropriate by awarding additional sums, as was the case in *DeCapo*. *See id.* Moreover, the judgment in *DeCapo* reflected that the trial court had calculated the presumptive amount, found it to be just and appropriate, and then awarded additional sums for educational expenses. The error here is much different from the error made by the trial court in *DeCapo*.

The cause is remanded with directions to either enter a finding that the amount calculated in Form 14 is unjust or inappropriate, or to enter an amount of child support that is dictated by appropriate calculation utilizing Form 14. *Beeman*, 816 S.W.2d at 17. Of course, it may be necessary for the court to conduct further proceedings in order to obtain evidence which would enable the court to make either of these findings, in which case it shall do so.

The portion of the judgment that sets current child support is reversed and the case is remanded for further proceedings.

PREWITT, P.J., and PARRISH, J., concur.