Melody Renee SHORT, Respondent,

v.

Arthur Bernard SHORT, Appellant.

No. 20994.

Missouri Court of Appeals,
Southern District,
Division Two.

April 8, 1997.

Douglas K. Crandall, Crandall, Dally & Podleski, Carthage, for appellant.

Stephen L. Shepard, Stephen L. Shepard, P.C., Springfield, for respondent.

SHRUM, Judge.

In this domestic relations case, Husband challenges the trial court's modification of his child support obligation. Husband presents multiple claims of trial court error, some of which have merit; consequently, we reverse and remand.

## FACTS

Melody Renee Short (Wife) sought modification of a child support order against her former husband Arthur Bernard Short (Husband). The support was for their sons, Brady Alan Short (Brady) and Grant Noble Short (Grant). Husband and Wife each submitted a Form 14 to the court. Wife offered an income and expense statement, tax returns, and testimony as evidence of her income, expenses, and indebtedness. Husband also offered testimony and tax returns as evidence of his income, expenses and indebtedness.

At the modification hearing, the trial court heard testimony from Wife regarding medical expenses of both Brady and Grant. In particular, Wife testified that Brady has asthma and takes allergy shots, and that Grant has asthma and a spastic bladder. She further testified that, while Husband did provide medical insurance for the children, she incurred monthly uninsured health expenses.

Wife also testified that both children were involved in athletics, after-school, and summer programs. She asserted that the children needed athletic clothing and equipment for the sports in which they compete. Wife offered testimony suggesting that she had to

take off from work to take Brady and Grant to the doctor and to their athletic events.

In reaching its decision, the court prepared its own Form 14. The court increased Husband's child support obligation ordering him to pay $1,500.00 per month, to continue providing health and medical insurance for both children, and to pay 80% of uninsured medical expenses incurred by the children. This appeal followed.

## STANDARD OF REVIEW

The standard of review here is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's decision must be affirmed unless it is unsupported by substantial evidence, against the weight of the evidence, or misstates or misapplies the law. *Id.* We defer to a trial court's determinations of credibility, and view all evidence and any permissible inferences therefrom in the light most favorable to the trial court's decision. *Mehra v. Mehra*, 819 S.W.2d 351, 353[2] (Mo. banc 1991). We disregard all contrary evidence and inferences therefrom. *Id.* Absent a manifest abuse of discretion, we will not substitute our judgment for that of the trial court. *Elliott v. Elliott*, 920 S.W.2d 570, 574[3] (Mo.App.1996).

## DISCUSSION AND DECISION

*Point I: Uninsured Medical Expenses*

Husband's first point maintains that the trial court erred when it ordered Husband to pay 80% of any uninsured medical expenses incurred for his children when the court had already found that $1,500.00 was the "appropriate" child support under Rule 88.01. We agree.

■ Rule 88.01(e) states as follows:

"There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial ... proceeding ... for child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court.... enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate."

The rule clearly provides that a deviation from the presumptive amount requires a specific finding that upon consideration of all relevant factors, such an amount would be unjust or inappropriate. *Division of Family Services v. Buttram*, 924 S.W.2d 870, 871 (Mo.App.1996) (*citing Beeman v. Beeman*, 816 S.W.2d 15, 17 (Mo.App.1991)). An award that differs from the presumptive amount is ineffective without the mandatory finding. *Buttram*, 924 S.W.2d at 871. A trial court that deviates from the presumptive amount without the mandatory findings commits error that requires reversal and remand. *Id.* See *Myers–Geiger by Myers v. Geiger*, 878 S.W.2d 925, 927[4] (Mo.App.1994) and cases cited therein.

■ Here, the trial court ordered Husband to pay 80 percent of uncovered medical expenses. Case law declares that such a provision is an order for the payment of child support. See *Buttram*, 924 S.W.2d at 871[5]; *Adelman v. Adelman*, 878 S.W.2d 871, 873[2] (Mo.App.1994). Under the circumstances, this additional provision shows a deviation from the presumptive amount; consequently, the trial court was required by Rule 88.01(e) to state that the presumptive amount is "unjust or inappropriate." See *Buttram*, 924 S.W.2d at 871; *Adelman*, 878 S.W.2d at 873. As the trial court failed to make the required finding, the child support award was ineffective. *Beeman*, 816 S.W.2d at 17.

■ Wife concedes the required finding is absent from the judgment, but insists that the trial court "implicitly" found the presumptive amount was inappropriate by saying that "[e]ach party has the financial resources to contribute to the payment of medical and dental expenses" and then ordering each party to contribute to payment of such uninsured expenses. We disagree. An express finding that a fixed child support amount is appropriate cannot be reconciled with an implicit finding that the presumed amount is inappropriate. We will not substitute our judgment for that of the trial court on whether or not the presumed child sup-

port amount was unjust or inappropriate, provided there is credible evidence to support the trial court's beliefs. *See Buchanan v. Buchanan,* 828 S.W.2d 946, 949[6] (Mo. App.1992). Here we are unable to discern what the trial court believed on this issue. Remand is necessary with directions to the trial court to either enter a finding that the amount calculated in Form No. 14 is unjust or inappropriate, or to enter an amount of child support dictated by appropriate calculation utilizing Form 14. *See Beeman,* 816 S.W.2d at 17.

*Point II: Extraordinary and Uninsured Medical Expense Award*

Husband's second point asserts that the trial court erred when it included $60.00 per month extraordinary medical expenses on line 4d of its Form 14 calculation and then ordered Husband to pay 80% of the children's uninsured medical expenses. Husband argues that he is being assessed twice for the same expenses.

■ Initially we observe that the court could properly include the $60.00 per month extraordinary and uninsured medical expenses as a factor in its Form 14 calculations. The Directions for Completion of Form 14, Worksheet, line 4d are quite clear:

"Enter the amount of any extraordinary medical expense. Extraordinary medical expenses are uninsured expenses in excess of $100 for a single illness or condition. Such expenses include, but are not limited to, costs that are reasonable necessary for ... asthma treatment ... CAVEAT: this entry should be used only for long-term chronic conditions...."

As stated before, a requirement to pay uninsured medical expenses is equivalent to child support. *See Buttram,* 924 S.W.2d at 871[5]; *Adelman,* 878 S.W.2d at 873[2]. The trial court could craft its judgment to require that Husband pay his share of "[u]ninsured extraordinary medical expenses" as defined by the instructions for line 4(d) of Form 14 and then conclude that the resulting child support amount was appropriate. Alterna-

tively, the trial court could find the Form 14 calculation as it stands is unjust or inappropriate and then require Husband to pay uninsured medical expenses. Under the latter approach, Husband would be entitled to a credit against his obligation for uninsured medical expenses. The amount of credit would be his share of line 4(d) of Form 14.[1] Only one of these approaches should be used. No basis exists for twice imposing on Husband the obligation to pay any uninsured medical expenses, including allergy and asthma medications and shots. In light of our decision regarding Husband's first point, this issue is also remanded for further consideration by the trial court.

*Point III: Extraordinary Expenses*

Husband's third point asserts that the trial court erred when it included in its Form 14 calculation extraordinary expenses "... such as allergy, asthma medication and shots, loss of work due to children's illnesses, ... and sporting activities." Husband complains that these expenses should not be considered extraordinary expenses.

We reject Husband's first argument under this point. As we have noted, quoting from the Directions for Completion of Form 14, expenses for the treatment of asthma are clearly extraordinary expenses properly included in the trial court's Form 14 calculation. In addition, expenses for allergy shots, as a treatment associated with the control of asthma, are also properly included on line 4d.

We now turn to Husband's colorable challenges to the trial court's calculation of extraordinary expenses.

Directions for Completion of Form 14, Worksheet, line 4e state:

"Enter other extraordinary expenses agreed to by the parties or ordered by the court. Other extraordinary expenses may include the cost of tutoring sessions; special or private elementary schools to meet the particular educational needs of the child; camps, lessons, travel, or other activities intended to enhance the athletic,

---

1. Line 4d of the trial court's Form 14 ascribed $60.00 per month for the children's "[u]ninsured extraordinary medical expenses [for] allergy, asthma medication and shots[.]"

social, or cultural development of the child(ren)."

In its Form 14, the trial court includes expenses for Wife's time lost from work due to the children's illnesses as an extraordinary expense on line 4e. Husband insists these are not expenses anticipated when these notes on use were written. We agree.

■ Generally, courts of appeal rely on canons of statutory construction when construing a rule promulgated by our Supreme Court. *State ex rel. Missouri Pacific R.R. Co. v. Koehr*, 853 S.W.2d 925, 926 (Mo. banc 1993). These canons, are for the most part, an expression of principles deduced from common sense and long experience. *Id.* Whether interpreting rules or statutes, appellate courts should apply the plain and ordinary meaning of the rule as written. *Hadlock v. Director of Revenue*, 860 S.W.2d 335, 337 (Mo. banc 1993); § 1.090.[2]

■ Here, the phrase "extraordinary expense" in the directions for line 4e is not defined, yet it is followed by a specific listing of expenses that have plain and ordinary meaning. It is a fundamental rule of statutory construction that the definite and specific phrase or word takes precedence over the general. *See Pollard v. Board of Police Commissioners*, 665 S.W.2d 333, 341 n. 12 (Mo. banc 1984). Another maxim of construction provides that words or phrases are known by the company they keep. *Id.* at 341, n. 13. While the latter is not an inescapable rule, it is often wisely applied to avoid the giving of unintended breath to words or phrases that are capable of many meanings. *Id.* Aided by these canons of construction, the phrase "extraordinary expense" as used within the directions for line 4e of Form 14 bespeaks extra expenses incurred for the education and social development of children. Time lost from work due to a child's illness does not seem to fit with the extraordinary expenses contemplated under the Form 14 directions. We hold that the expenses for Wife's time lost due to children's illness were improperly added to the courts Form 14. Upon remand, the trial court shall remove such expenses from line 4e.

■ Husband also complains that the court improperly included expenses for the children's athletic activities. Wife's testimony reflects that both Brady and Grant participate in athletic activities such as basketball, football, and baseball. Her testimony indicates that she incurs expenses from the children's participation in athletics. The Form 14 directions quoted above anticipate expenses for, "[A]ctivities intended to enhance the athletic, cultural and social development of the children." We find that athletic activities, such as the sports in which Brady and Grant participate, enhance the athletic, cultural and social development of children. These expenses are properly included on the trial court's Form 14.

The final contention of Husband's point states that the expenses awarded are excessive. Husband argues that a court, in awarding extraordinary expenses, must first consider Form 14 in its "pure form," then find that the "pure form" calculations are unjust or inappropriate, and only then can the court adopt a modified calculation including extraordinary expenses. For this proposition he cites *Sinclair v. Sinclair*, 837 S.W.2d 355, 358 n. 2 (Mo.App.1992). Husband's argument borders on being frivolous. First, Husband's proposition does not allow for the fact that Form 14 clearly and unequivocally provides for calculation of extraordinary expenses (lines 4d and 4e). To do as Husband asserts would require the trial court to first ignore lines 4d and 4e of Form 14, make a calculation, then find the calculation unjust and inappropriate just so that it can go back and factor in the amounts of lines 4d and 4e. In effect, Husband urges a redrafting of Form 14 and its directions for usage. We have neither the authority nor the reason to do what Husband requests. Contrary to what Husband claims, *Sinclair* is too factually dissimilar to support Husband's position. Footnote 2 of *Sinclair* discusses college expenses. Form 14 Comments For Use, Comment E clearly states, "Post-secondary education expenses are not factored into the Schedule of Basic Child Support obligation." *Sinclair* contemplates a Form 14 calculation, including extraordinary ex-

2. All statutory references are to RSMo 1994 unless otherwise indicated.

penses according to lines 4d and 4e, then consideration of college expenses at the trial court's discretion. College or post-secondary expenses are not even an issue here. We conclude that the trial court properly calculated the Form 14 obligation including lines 4d and 4e except for its inclusion of Wife's loss of work expenses.

*Point IV: Consideration of Husband's Debt*

Husband's fourth point contends that the trial court erred in "disregarding" his "excessive indebtedness" because § 452.340.1(2) requires the court to consider the "financial resources and needs" of the parents. Husband states that the trial court "seemingly punishes" him for "his inability ... to satisfy an overwhelming debt" and "refuses to consider the debt." Husband says his debt load has increased from $226,276.00 to 249,602.22 since the original dissolution decree. He also says that the IRS has applied his payments to them toward the oldest tax deficiencies before applying any payments to new deficiencies.

The trial court's Judgment and Order of Modification states:

"At the time of the original dissolution, the Respondent's child support obligation was decreased from the Form 14 amount due to the amount of marital debt the Respondent was assuming, including taxes, penalty, and interest accrued on the same during marriage, certain dental practice accounts payable, computer debt ..., Citybank ..., First State Bank ..., Wendall Lewis ..., Vic Colson, and back child support. The same having now been paid, voided because of the statute of limitations or lack of any attempt to collect same. The current debt load is not the result of the Respondent's marital debts which had accumulated during the marriage but rather the result of Respondent's actions since the dissolution in failing to satisfy his income tax liability for 1992, 1993, 1994, and 1995 as well as other obligations.

The court went on to note that, at the time of the previous judgment, Husband was sustaining an average of $37,000.00 per year in business losses. The trial court found that he no longer sustains such losses. At the time of the previous judgment, Husband was also paying maintenance to Wife and supporting a son by a previous marriage. The trial court found that he no longer pays maintenance nor support for his son. The trial court determined Husband's past income as follows: 1992—$91,031.00; 1993—90,190.00; and, 1994—$109,676.00. Contrary to Husband's fourth point, the trial court, as required by § 452.340.1(2), considered Husband's "financial resources and needs", including his debt.

While Husband's point relied on asserts the court erred in not following the dictates of § 452.340.1(2), his true complaint lies with the fact that the trial court did not deviate downward from the Form 14 child support calculation because of his debt load. *See In re Marriage of Short,* 847 S.W.2d 158, 166 (Mo.App.1993). The argument portion following Husband's fourth point contends that the court abused its discretion in not deviating downward from the Form 14 presumed child support amount. However, his point relied on only charges the court with error in not following § 452.340.1(2). Issues raised only in the argument portion of a brief are not presented for review. *Taylor v. Taylor,* 908 S.W.2d 361, 365[13] (Mo.App.1995) (citing *Superior Gearbox Co. v. Edwards,* 869 S.W.2d 239, 245[6] (Mo.App.1993)). Thus, we will not discuss whether the trial court abused its discretion by not deviating downward from the Form 14 presumed amount due to Husband's debt load. Point IV is denied.

*Point V: Award in excess of Wife's Stated Expenses*

In his fifth point, Husband states the trial court erred by awarding child support, "[E]xceeding the evidence as to the actual monthly expenses of the children in that such testimony rebutted the Rule 88.01 presumption." Husband challenges the trial court's Form 14 calculation because its presumed child support amount was higher than the expenses Wife directly attributed to the children on her income and expense and amended income and expense statements.

■ The trial court was required to complete its own Form 14 since it rejected both Husband's and Wife's respective Form 14's. *Woolridge v. Woolridge,* 915 S.W.2d 372, 379–383 (Mo.App.1996). The court completed a Form 14 and made it part of the record as suggested in *Woolridge,* 915 S.W.2d at 382, and mandated in *Neal v. Neal,* 941 S.W.2d 501, 504 (Mo.banc 1997).

■ Husband argues that Wife's stated expenses of $1,290.00 rebuts the Form 14 calculation made by the court. However, in its judgment the trial court addressed this very issue:

> "[Husband] suggests, according to [Wife's] Exhibit '1' and '1a', the only expenses that the [Wife] incurs for the minor children are those reflected as 'Other living expenses', and, therefore, the Court cannot award [Wife] any child support over and above such a figure. [Husband] fails to take into consideration the children's share of [Wife's] monthly rent, utility and auto expenses."

Considering the trial court's reasoning, we find that the $1,290.00 for "other expenses" does not rebut the presumption that the trial court's Form 14 calculation is the correct child support amount. Point V is denied.

### Point VI: Husband's Accounting Fees

In his final point, Husband charges the trial court with error in the calculation of his gross income by including his accounting fees. He asserts that these accounting expenses are "necessary expenses required to produce income" since he is self-employed. Thus, he argues, his gross income should be less than the amount on the court's Form 14. While accounting expenses for Husband's proprietorship may be necessary expenses required to produce income, Husband has not segregated these necessary business expenses from his personal expenses.

When asked repeatedly on cross-examination to identify what share of legal and accounting services were for his personal tax return and what share of the services were for his business, Husband answered that he could not identify what expenses were for personal accounting services and what expenses were for his business. Since the court was not provided with evidence identifying which of these expenses were necessary to produce income, the entire amount was added back into Husband's calculation of gross income.

Because these expenses were added to his gross income, Husband argues the court considered his gross receipts as his gross income, which is improper. *Kessinger v. Kessinger,* 829 S.W.2d 658, 661 (Mo.App.1992). However, there is no evidence that the trial court equated Husband's gross receipts with his gross income, or the inclusion of these accounting and legal expenses approximated Husband's gross receipts. The trial court examined Husband's 1992, 1993 and 1994 tax returns to find his gross income. The amount reported as Husband's gross receipts for 1994 was $188,751.00. The trial court's calculation of gross income, including the disputed legal and accounting fees, was $109,676.00. In 1993, his gross receipts were $202,049; the court found his gross income to be $90,190.00. For 1992, his gross receipts were $206,957; the court found his gross income to be $91,031.00.

Obviously the inclusion of these disputed legal and accounting fees in Husband's gross income did not raise his gross income to the level of his gross receipts. Furthermore, we will not convict the trial court of error for including these expenses in Husband's gross income when Husband could not produce any evidence regarding what proportion of these expenses were necessary for his business. See *Boudreau v. Benitz,* 827 S.W.2d 732, 734 (Mo.App.1992). Point VI is denied.

The cause is remanded with directions to the trial court to strike from line 4e of Form 14 all expenses associated with Wife's loss of time from work and then recalculate the child support obligation. Moreover, the trial court is instructed to either enter judgment for Wife for child support in the amount calculated pursuant to Civil Procedure Form 14, or to enter a finding that the amount so calculated is unjust and inappropriate and to enter judgment for child support in an appropriate sum. If on remand, the trial court finds that the Form 14 amount is unjust or inappropriate and orders an award of addi-

tional child support in the form of uninsured medical expenses, the decree must be fashioned so as to avoid ordering Husband to twice pay for the same expenses.

MONTGOMERY, C.J., and PARRISH, J., concur.