John A. BROWN, Petitioner–Appellant,

v.

Cynthia J. (Hoefer) CHILDRESS,
Respondent–Respondent.

No. 23748.

Missouri Court of Appeals,
Southern District,
Division One.

April 27, 2001.

Kendra Brinkley Scott, Scott, Kidwell & Scott, Poplar Bluff, for Appellant.

John M. Albright, Moore & Walsh, L.L.P., Poplar Bluff, for Respondent.

SHRUM, Judge.

John A. Brown ("Appellant") appeals the denial of his motion to modify a child support judgment. He asserts the trial court erred in calculating the presumed support amount under Rule 88.01 and

Form 14.[1] Specifically, Appellant claims the court erred when it refused to make the Line 11 adjustment on Form 14.[2] We disagree. The trial court did not err as charged. We affirm.

## FACTS

Appellant sired a child (born March 1, 1993) with Cynthia J. Childress ("Respondent"). The couple never married. Sometime in 1995, Respondent instituted a paternity suit against Appellant. The court found Appellant was the child's natural father and ordered Appellant to pay $249 per month in child support.

In 1997, Appellant moved to modify the judgment seeking specific visitation with the child. The court agreed and set a visitation schedule. Also, Appellant's support obligation was increased to $357 per month.

In 1999, Appellant again requested modification of the judgment. By his second motion, Appellant asked for additional visitation, joint legal custody, and a recalculation of his child support obligation. The court entered a judgment on June 11, 2000, which increased Appellant's visitation with the child from 72 overnight visits per year to 102. The court denied the joint legal custody request because "the parties have demonstrated their inability to communicate civilly due to their disdain for one another." Additionally, the court found Appellant was "not entitled to a line 11 adjustment" on the Form 14.[3] The only

issue on this appeal is whether the trial court erred in denying Appellant a "Line 11" adjustment.

## STANDARD OF REVIEW

■ The standard of review here is that set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). *Short v. Short*, 947 S.W.2d 67, 69 (Mo.App.1997). The trial court's decision must be affirmed unless it is unsupported by substantial evidence, against the weight of the evidence, or misstates or misapplies the law. *Murphy*, 536 S.W.2d at 32[1]; *Short*, 947 S.W.2d at 69.

## DISCUSSION AND DECISION

■ Appellant's sole point relied on and argument in support thereof asks this court to interpret the Form 14, Line 11 adjustment and its directions and comments for use. In the directions and comments for use, there exists a caveat which reads as follows:

"If the parent receiving child support under a judgment, decree or order entered before October 1, 1998, is not receiving modifiable maintenance, then no adjustment on this line 11 shall be awarded in any proceeding to modify an award of child support."

Appellant acknowledges that a "literal reading" of this caveat would result in his never benefiting "from a Line 11 adjustment for amounts expended on overnight visitations." Despite this concession, Appellant asks this court to interpret Line 11

---

1. All rule references are to Supreme Court Rules (2000), unless otherwise indicated. Civil Procedure Form 14 is a mandatory child support calculation worksheet instituted by the Supreme Court of Missouri pursuant to Rule 88.01.

2. Making the Line 11 adjustment would have decreased the presumed support amount more than twenty percent from the current support amount. Such a reduction in child support would have made a prima facie showing of substantial and continuing change of circumstances needed for modification.

3. The Line 11 adjustment allows for the presumed child support amount to be decreased by multiplying the basic child support amount by a certain percentage. That percentage is based on the number of overnight visits per year.

and its caveats contrary to the explicit language and, in doing so, find the trial court erred as a matter of law in not allowing the Line 11 adjustment. In urging reversal, Appellant argues his situation is not an evil which the purpose of the caveat sought to eliminate. Appellant claims the caveat sought to alleviate the problems of a non-custodial parent who was paying non-modifiable maintenance from reducing child support without the court being able to consider an increase in maintenance to supplement the decrease in child support. We decline Appellant's invitation to construe this clear, explicit, unambiguous rule.

■ If a rule of the Supreme Court of Missouri is unclear so that construction is necessary, appellate courts rely on cannons of statutory construction to arrive at its meaning. *Scoggins v. Timmerman,* 886 S.W.2d 135, 137[3] (Mo.App.1994); *Short,* 947 S.W.2d at 71[8]. "These cannons are, for the most part, an expression of principles deduced from common sense and long experience." *Short,* 947 S.W.2d at 71. However, cannons of construction are not to be resorted to where the language of the rule is clear and unambiguous. In such instances, "rummaging among the statutory canons of construction to devise a different meaning is impermissible." *State ex rel. Missouri Pacific v. Koehr,* 853 S.W.2d 925, 926 (Mo.banc 1993). We cannot impose a different effect and form to a supreme court rule than that written *if* the meaning of the rule and form is clear and unambiguous. *Scoggins,* 886 S.W.2d at 138.

■ The fact that Respondent was not receiving modifiable maintenance *is* one which is uncontested. When the trial judge disallowed Appellant the Line 11 adjustment, he was merely following the

unequivocal language of the rule. The trial judge and this court both must be guided by what the Supreme Court of Missouri said in Form 14 and its comments, not by what we think the Court meant to say. *See Dale by and through Dale v. Gubin,* 879 S.W.2d 699, 700 (Mo.App.1994). When, as here, the language of the rule is clear and unambiguous, application of the rule, rather than construction, is all that is required. *Id.*

In the argument section of his brief, Appellant apparently assumes the Line 11 adjustment is mandatory *if* its requirements are met. Whatever the reason may be as to the requirement that a person must be paying modifiable maintenance to receive the adjustment, Appellant is wrong in his argument that the adjustment is always allowed. As the directions on use state, the adjustment "may be rebutted." Appellant is also wrong when he asserts that he is without a remedy with Form 14, Line 11 in its present form, as there is no way for the court to consider additional expenses which a person in his circumstances might incur due to increased visitation. Appellant could have presented evidence about any increase in his expenses resulting from the increased visitation. Had he done so, the court might have found the current amount unjust and inappropriate. If such a finding had been made and supported by evidence, the court could have adjusted the support downward. The new Form 14 does not change this long-standing rule. Appellant did not, however, present such evidence.

We reject any notion that this court can or should rewrite the language of Form 14 or its directions and comments for use, when, as here, the language at issue is clear and unambiguous. The trial court did not misstate or misapply the law when

it refused to make the Line 11 adjustment. Point denied.

The judgment is affirmed.

PARRISH, P.J., and MONTGOMERY, J., concur.