

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | | |
|---|---|---|---|
| C.A.W., | ) | No. ED112725 | |
| | ) | | |
| Respondent, | ) | Appeal from the Circuit Court | |
| | ) | of St. Louis County | |
| vs. | ) | | |
| | ) | Honorable Joseph L. Green | |
| N.K.D., | ) | | |
| | ) | | |
| Appellant. | ) | FILED: June 24, 2025 | |

## Introduction

N.K.D. (Father) appeals from the trial court's judgment ordering that he pay $1,583.00 in monthly child support. Father argues the trial court erred in rejecting its *own* Form 14 calculations without addressing the required statutory factors, and instead based its child support order on a four-year-old pendente lite order (PDL). We agree because the court's actions were not based on the evidence adduced at trial and as such were a misapplication of the law. Therefore, we reverse and, pursuant to our authority under Rule 84.14, enter into judgment the child support amount from the court's Form 14 which was based on evidence at trial.

## Factual and Procedural Background

Father and C.A.W. (Mother) met at a gathering in 2014 and had a relationship until June of 2016. Mother gave birth to Child on February 16, 2017. Mother filed a petition for declaration of paternity on January 7, 2019. On May 9, 2019, Father filed his answer and counter-petition for

determination of father-child relationship, order of child custody, order of child support, and motion for genetic testing. After DNA testing confirmed his paternity, the court granted Father leave to amend his pleadings and file a first amended counter-petition. The court ordered the parties to work with court domestic services to establish supervised visitation between Father and Child.

On January 28, 2020, the parties agreed to the PDL wherein Father agreed to pay Mother $1,583.00 in monthly child support. The PDL gave Father supervised visitation pending psychological evaluations and/or until the Guardian ad Litem (GAL) recommended unsupervised visitation. Accordingly, Father's time with Child increased. Father filed amended statements of income and expenses and property, and on April 22, 2021, he filed a motion to modify the PDL. Despite noticing it up several times, Father's motion to modify child support was not heard.

Trial was held on April 18-19, 2023. Both parties submitted Form 14s using self-reported incomes. Mother testified that she has a bachelor's degree, has a diverse work history, and admitted she could "easily" make $80,000 if she were to seek full-time employment. For his part, while Father's income increased from $67,200 a year to $72,000-78,000,[1] sales of the LLC that he partially owns dropped seventy percent. As a result, Father does not receive partner distributions.[2]

Finding their testimony self-serving and somewhat dubious, on January 29, 2024, the court rejected both parties' Form 14s and created its own based upon the evidence presented at trial. In its Form 14, the court imputed $80,000 to each parent based on the totality of the evidence. The court's Form 14 calculations also considered the parties' joint custody of Child, their individual childcare expenses, and Mother's existing support obligations for her other child. The court then rejected its *own* Form 14, and instead reached back four years to the PDL amount.

---

[1] The record is unclear as to whether Father is paid $3000 biweekly or twice a month.
[2] The Form 14 submitted prior to the PDL does not reflect partner distributions paid to Father.

On February 26, 2024, Father moved to amend the judgment as to the child support amount or for new trial. The trial court did not rule on the motion, thus deeming it denied by operation of law pursuant to Rule 78.06.[3] This appeal follows.

## Standard of Review

In a court-tried case, we will affirm the judgment of the trial court unless there is no substantial evidence supporting the judgment, it is against the weight of the evidence, erroneously declares the law, or erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

When considering whether there has been a misapplication of law, we review the trial court's legal conclusions and application of law to the facts *de novo*. *Cullen v. Bernstein*, 694 S.W.3d 494, 498 (Mo. App. E.D. 2024). We conduct an independent review of questions of law without deference to the trial court's conclusions. *Id.* (citing *T.J.W. v. K.T.*, 614 S.W.3d 637, 640 (Mo. App. S.D. 2020)). If there has been a misapplication of the law, reversible error exists if it materially affects the outcome in that we have a firm belief that the judgment of the trial court is wrong. *Id.* (citing *McLeod v. McLeod*, 681 S.W.3d 215, 229 (Mo. App. W.D. 2023)).

## Discussion

Turning to Father's sole point on appeal, we find that by eschewing its own properly crafted-and-calculated Form 14 that was based on the evidence and testimony at trial and instead relying on the figures in a four-year-old PDL, the court erred and we correct that error pursuant to Rule 84.14.

Section 452.340[4] and Rule 88.01 govern child support determinations. "Rule 88.01 requires the use of Civil Procedure Form 14 in calculating child support." *M.D.P.-W. by B.N.W.*

---

[3] All rule references are to the Missouri Supreme Court Rules (2024).
[4] All section references are to RSMo (2016).

*v. M.P.*, 684 S.W.3d 357, 360 (Mo. App. W.D. 2024). The trial court may accept a Form 14 submitted by one of the parties or may prepare its own. *Richardson v. Richardson*, 545 S.W.3d 865, 897 (Mo. App. E.D. 2018). If the trial court rejects the Form 14s submitted by both parties, it must create its own, using the figures *it determines to be correct*, through the evidence adduced, to calculate the amount of presumed child support. *Davidson v. Davidson*, 872 S.W.2d 606, 607 (Mo. App. W.D. 1994) (emphasis added).

"There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No.14 is the correct amount of child support to be awarded." Rule 88.01(b). "If the court finds the amount of presumed child support calculated according to the figures utilized *by the court* is unjust or inappropriate, the court must make a written finding or specific finding on the record to that effect." *Davidson,* at 607 (emphasis added); s*ee also* section 452.340.9; Rule 88.01.

Here, we have three issues with how the court reached its child support judgment. First, it ignored its own Form 14 child support calculation that was fully supported by the evidence at trial. Second, it did not make the required findings per section 452.340 that its own Form 14's calculations were unjust or inappropriate. And third, it then adopted the outdated calculations from the parties' PDL that were *not* supported by the evidence at trial.

In ignoring its own Form 14, the court also ignores that much had changed in the four years from PDL to trial—both parents' financial situations, childcare costs, and the amount of time Child was spending with each parent. Instead of addressing the factors required to adjust its Form 14, the court reasoned that because the parties had previously consented to the PDL amount, they must have had more reliable income information.[5]

---

[5] Importantly, the PDL not only relies on outdated information but is a consent agreement between the parties, not based on any evidence reviewed by the court.

In the 2020 PDL, Mother's income was $2,800 per month while Father was earning $5,750 per month. These incomes shifted by trial where Mother testified she has earning power of $80,000 a year while Father's pay increased to $72,000-$78,000 a year. Based on the evidence, the court imputed $80,000 annually to both. Based on the imputations, the court calculated its own Form 14, giving Mother $472 per month in child support to be paid by Father. The court noted Father had been successfully paying the PDL amount. While Father was current in his payments, he was also forced to move in with and borrow money from his father, as well as liquidate his own retirement funds to keep up.

Child care costs changed as Child aged from three to six years old. The PDL reflects $1,300 per month childcare costs. Several months later, Child moved to a new daycare, cutting the cost nearly in half. By trial, Child attended school instead of paid childcare. Child's private school cost approximately $8,000 per year, $7,600 less per year than the PDL amount. Additionally, Mother's fiancé covers the school tuition for Child and sister to attend the same school. Lastly, the trial court's judgment ordered the parties to pay their own childcare costs which directly contradicts the PDL calculations.

Custody amounts also changed significantly over the course of the litigation. Current custodial reality was reflected in the court's judgment ordering joint legal and joint physical custody of Child. By contrast, the PDL amount ultimately entered by the court does not reflect the change in custody time.

We find that it is a misapplication of law for the court to create a presumptively correct Form 14, reject that form and instead mandate a temporary agreement calculated with obsolete information. Were we to find otherwise, it would surely chill the practice of parties entering into consent PDLs, as they could be held to be presumptively correct despite any evidence at trial.

5

<u>Conclusion</u>

For the reasons set forth above, the judgment of the trial court is reversed in part.[6] We set aside the award of child support in the amount of $1,583.00 and, pursuant to Rule 84.14, enter judgment for child support in the amount of $472.00 per month payable by Father to Mother in accordance with the trial court's post-trial Form 14 calculation, retroactive to April 19, 2023.

_Virginia Lay_
Virginia W. Lay, J.

Lisa P. Page, P.J., concurs.
Rebeca Navarro-McKelvey, J., concurs.

---

[6] We reverse the trial court's judgment as to child support only, which is the sole issue raised on appeal.

6